ANNETTE B. WETMORE (now ANNETTE B. MARKOE), Respondent, *v.* WILLIAM BOERUM WETMORE, Appellant, Impleaded with Others. (No. 1.)

29 507
s149a520
s162a507
29 507
s44 223

*Alimony — basis of an application to reduce it — the question of the husband's financial condition, how determined.*

Where, in a judgment for divorce, a provision has been made for the benefit of the defendant's wife and children, after a careful examination and after two trials, it will not be altered upon an application, made in an action to secure the payment of that sum out of a trust fund in which the defendant is interested, based not upon well-established facts, but upon a simple, unsupported statement as to his financial condition made by the defendant who refuses to submit himself to a cross-examination.

An application for such change resting upon leave granted by an appellate court to apply to have the judgment in the action relating to the trust fund modified, is, in reality, a proceeding at the foot of the decree, and should be tried in the usual manner in which issues of fact are tried in an action.

APPEAL by the defendant, William Boerum Wetmore, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of October, 1896, denying his motion for an order to be made at the foot of the judgment in the action, modifying

such judgment by directing the trustee to pay a portion of the surplus income of the trust estate for the support and maintenance of the defendant, William Boerum Wetmore.

*Thomas P. Wickes,* for the appellant.

*Flamen B. Candler,* for the respondent.

Ingraham, J.:

On the 12th of June, 1890, an action was commenced in this court by the above-named plaintiff against the defendant William B. Wetmore for a divorce on the ground of adultery, and the summons in that action was served upon the defendant William B. Wetmore personally in this State.   William B. Wetmore answered in that action, and the case was subsequently tried, and resulted in the entry of a judgment on or about April 8, 1892, dissolving the marriage between the plaintiff and the defendant William B. Wetmore and granting an absolute divorce, awarding the custody of the three children of the marriage to the plaintiff, and granting the plaintiff the sum of $3,000 annually so long as she should live, to be paid in equal quarterly payments of $750 ; and also granting the plaintiff the sum of $1,000 annually for the maintenance and education of each of the children of the marriage until such children shall attain the age of twenty-one years.   A copy of this judgment was, on April 11, 1892, duly served upon the defendant's attorney in that action.   It is not disputed but that from the time of the marriage of the defendant William B. Wetmore to the plaintiff, down to the time when this husband and wife separated, the defendant had been a resident of this State, residing with his family in the city of New York, and was present down to a time subsequent to the trial.   He now says in his affidavit that, in 1887, he removed to the State of Vermont; that he continued to live there until May, 1889, when he spent a few months upon his yacht, and in the fall of 1889 went to Denver, Colorado, where he continued to reside until the fall of 1895 ; that in the fall of 1895 he took up his residence at the city of Baltimore, Maryland, where he continued to reside until the present time.   Immediately after the entry of this judgment efforts were made to enforce the judgment, but it was impossible to find the defendant within this State, and efforts were also

made to find some property of the defendant from which the judgment directing the payment of alimony to the plaintiff, and the various sums of money directed to be paid for the support of the defendant's children could be paid, but these efforts were wholly without success. It was then ascertained that under the will of his father the defendant was entitled to the income upon a trust fund held by his mother as trustee, and this action was commenced to reach that trust fund so that the income thereof could be applied to the payment of the amounts directed to be paid by the said judgment of divorce for the support of the defendant William B. Wetmore's family. The result of a trial of that action was the judgment which is now sought to be modified.

Upon the trial of that action the defendant William B. Wetmore made the same claim as to his personal property that he had made before a referee appointed to determine the alimony that should be awarded to the plaintiff, viz., that he had disposed of a large portion of the property which he had received from his father's estate; but it was proved to the satisfaction, both of the referee in the divorce proceeding and of the court on the trial of this action, that the statement made on behalf of the defendant as to the disposition of his property was not a frank and full disclosure of the fact and was not a true statement, and that he had failed to account for the property which he had received from his father, or to show that he was unable to pay the amount of alimony directed to be paid. The judgment entered in this action directed that the income of the trust fund which was directed to be paid to the defendant William B. Wetmore under the will of his father, should be applied to the payment by this defendant of the alimony directed to be paid for the support of the plaintiff and her children. This judgment also provided that the plaintiff have leave to apply from time to time for such orders at the foot of the judgment as may be necessary for its enforcement and for the protection and enforcement of her rights in the premises. It does not appear that, at the time of the entry of the judgment, any request was made on behalf of the defendant William B. Wetmore that a privilege should be reserved to him to make any application at the foot of the judgment and no such provision was inserted in the judgment. Upon an appeal to the Court of Appeals this judgment was modified so that he should

have leave at any time to apply to have the judgment modified so as to permit him to share in such income of the trust fund, and as modified, the judgment was affirmed.

In pursuance of leave thus obtained, this defendant William B. Wetmore has made this motion to modify the judgment in this action so as to direct that the defendant, as trustee, pay to the plaintiff only so much of the income of the trust estate hereafter accumulating as shall be sufficient for the maintenance and education of her children, not to exceed the sum of $3,000 per annum, and that the proceeds of such income, after making such payments, be paid wholly for the support and maintenance of the defendant William B. Wetmore; and that the trust estate be relieved from the payment of any further sums for arrears of alimony. This application was made upon the affidavit of William B. Wetmore, in which he reasserts the statements made on his behalf before the referee in the divorce case, and on the trial of this action, as to the disposition of his property that he received from his father, with further statements as to the disposition of the property which he then admitted he had, claiming in this affidavit that all of his property — which amounted to something between $150,000 and $250,000 in the years 1887 and 1888 — has been spent or lost, and alleging that he has no income now except the income of the trust estate which is applied by this judgment to the support of his wife and children. The application is based solely upon this affidavit of the defendant. His statements are not in any way corroborated; and this provision for the benefit of his wife and children, made after a most careful examination and after two trials, certainly should not be disturbed unless the fact upon which the application is based, and which, in view of what was said by the Court of Appeals, would alone justify a modification of the judgment, is satisfactorily established; and that fact is not satisfactorily proved to us by a simple, unsupported statement of the defendant, where he refuses to submit himself for cross-examination. The application was denied below upon the ground that the defendant is in contempt, refusing to obey an order of the court or to submit himself to its jurisdiction. Under ordinary circumstances this fact alone would be sufficient to justify the court in refusing to grant a favor or refusing a person thus situated any

incidental relief.   He deliberately absented himself from the State, and although he concededly had at that time a sufficient amount of money in his possession with which he could have satisfied at least a portion of the sum that was directed to be paid for the support of his wife and children, he has persistently refused to perform any part of the duty imposed upon him of protecting and supporting those whom he was bound to protect and support, and has refused to make any provision for the support of his wife and children.   This conduct, and the disposition shown by the defendant since the divorce was granted, does not entitle him to any favor, and the court may well hesitate before granting him any relief to which he is not strictly and legally entitled.   The Court of Appeals, however, has modified the judgment by allowing this application to be made, and while a mere permission to make the application cannot be considered in any way an intimation of that court that it should be granted until the defendant had voluntarily submitted himself to the jurisdiction of this court and thus purged himself of his contempt, still we are inclined to think that, in view of what was said by the Court of Appeals, an absolute denial of this motion was improper.

It is, however, clear that this motion should not be granted upon affidavits, or without a trial of the particular issue presented thereon, where the witnesses must appear before a referee and submit to examination and cross-examination.   It is in reality a proceeding at the foot of the decree, which proceeding should be tried in the usual manner in which issues of fact are tried in an action, and were tried in this action.

We think, therefore, that the order should be reversed, and that the issues raised by this application should be referred to a referee to be named in the order to take the proof offered by the parties and to report, with his opinion thereon, to the court at Special Term; the affidavits to be treated merely as in the nature of the pleadings with regard to this supplemental application.   The costs of this appeal should abide the final determination of this proceeding.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order reversed and reference ordered, costs to abide the final event.