## WETMORE v. WETMORE.

(Supreme Court, Appellate Division, First Department.   November 10, 1899.)

1. WITNESSES—CONTEMPT—EXCUSE FOR NONAPPEARANCE.

Defendant applied to have a judgment in an action for divorce subjecting the income of a trust fund belonging to him to the payment of alimony modified on the ground that his financial circumstances had changed, and he needed part of the income for his maintenance.   The application was sent to a referee to take proof offered by the parties.  *Held*, that defendant cannot excuse his nonappearance as a witness before the referee on the ground that he was in contempt of court for disobedience of the order requiring him to pay alimony, and would be subject to process if he returned to the state.

2. DIVORCE—DECREE AWARDING ALIMONY—APPLICATION TO MODIFY.

Plaintiff obtained a divorce from defendant, and was awarded $3,000 a year alimony and $3,000 a year for the maintenance of her three children.   A decree was rendered subjecting the income of a trust fund belonging to defendant to the payment of the $6,000.   On appeal this decree was modified to allow defendant to apply at any time to have the income of the trust fund, or part thereof, devoted to his maintenance, on the ground of change in his financial circumstances.  *Held*, that defendant is not entitled to a modification of the judgment on the ground that plaintiff's circumstances have changed, and that she does not need the full amount awarded her.

3. SAME—PROOF OF NECESSITOUS CIRCUMSTANCES.

An adjudication in bankruptcy, which is an ex parte order of the court, obtainable by any person upon the filing of a petition and schedules in prescribed form, is insufficient to show that the petitioner's financial condition and necessities require the modification of a decree subjecting the income of a trust fund belonging to him to the payment of alimony under a judgment of divorce rendered against him.

Appeal from special term, New York county.

Action by Annette B. Wetmore against William B. Wetmore. From an order granting an application by defendant for the modification of a decree applying a trust income to the payment of alimony (59 N. Y. Supp. 586), plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Flamen B. Candler, for appellant.

Thomas P. Wickes, for respondent.

O'BRIEN, J.   This is an appeal from an order modifying a judgment entered at special term in April, 1894, in an action against Mr. Wetmore and others, in which action the plaintiff, the divorced wife of Mr. Wetmore, sought to have applied to the payment of alimony awarded to her and for the support of her children the income of a certain trust fund of which Mr. Wetmore was a beneficiary.   By the judgment as originally entered it was provided, among other things, that the future income of the trust estate to which Mr. Wetmore was entitled should be applied to the payment of the amounts required to be paid to the plaintiff under the decree of divorce and for the support of the plaintiff and her children.   That judgment was affirmed by the general term of the supreme court (29 N. Y. Supp. 440), but upon appeal to the court of appeals it was modified in substance so that Mr. Wetmore might have leave to apply at any time at the foot of the

judgment for permission to share in the income, or to modify the judgment in that regard; the ground upon which the modification was made being a suggestion "that his circumstances may change, and that in such case the income from the trust estate, or some portion thereof, should be devoted to his maintenance." Wetmore v. Wetmore, 149 N. Y. 531, 44 N. E. 169. The judgment of divorce was entered in April, 1892, the original judgment in the present action was entered in June, 1894, and the modification was made by the court of appeals in May, 1896. On the 13th day of June, 1896, the defendant, William B. Wetmore, acted upon the suggestion which made the basis of the modification of the judgment by the court of appeals, and moved the court that the judgment in this action be modified so that the income of the trust estate to be paid to the plaintiff should be only so much as should be sufficient for the maintenance and education of her children, not to exceed the sum of $3,000 per annum; and that the surplus income, after making the payment aforesaid, be applied by the trustee for the support and maintenance of William B. Wetmore, if he shall require the same for such purpose; and that the trust estate be relieved from the payment of any further sum for arrears of alimony; and that the judgment be modified so as to revoke all portions thereof requiring the payment of any sum as alimony to the plaintiff since November 22, 1884, at which date Mrs. Wetmore married again. In support of this motion Mr. Wetmore presented affidavits containing allegations of losses of money, and his impecuniosity, and claimed that he was in such financial distress as made it necessary for him to receive some of the income of the trust fund for his support and maintenance. Those affidavits were met by counter affidavits. It is not required that we should enter into a minute examination of them. On the motion being heard, it was denied by the justice at special term. On appeal to this court the order of denial was reversed, the reason for that disposition being given in the opinion written by Mr. Justice Ingraham, a report of which is contained in 29 App. Div. 507, 51 N. Y. Supp. 797. It was then considered by the court that an absolute denial of the motion was improper, but it was remarked that the motion should not be granted upon affidavits, or without a trial of the particular issue presented thereon, and that the witness must appear before a referee, and submit to examination and cross-examination. The order was, therefore, reversed, and the issues raised by the application were referred to a referee, named in the order, to take the proof offered by the parties, and report, with his opinion, to the court at special term; the affidavits to be treated merely as in the nature of pleadings. Pursuant to that decision, a reference was had. The referee reported adversely to the moving party, stating very plainly and clearly the reasons which appeared to him to be conclusive against the application. A motion was made by Mr. Wetmore on the report of the referee to amend the judgment and in renewal of the motion denied in 1896. In deciding that motion the conclusions of the referee were rejected, and the justice at special term, upon the record now before us, granted Mr. Wetmore's motion modifying the judgment.

That decision of the court was erroneous, and seems to have been made upon a misapprehension of the exact situation of the controversy between the parties, and of what was determined by the court of appeals in modifying the original judgment and by this court on the former appeal on this motion. There is nothing in the opinion of the court of appeals which authorized the entertainment of a motion to modify the decree upon any other ground than the alleged changed circumstances of Mr. Wetmore demanding such a modification. On the former appeal we plainly held that a change in his financial condition, such as would warrant the modification of the judgment, could not be established by his mere statements contained in an affidavit. What was required was clear and satisfactory proof, and we held, in substance, that he had failed to show, in such manner as should induce the court to vary its solemn judgment, that in the course of a few years he had lost, or even squandered, the sum of $200,000, which it was adjudged he was possessed of at the time the decree of divorce was made. In order that the truth might be ascertained, and the facts respecting Mr. Wetmore's financial position fully displayed, the reference was ordered. The affidavits were to be treated as allegations, and it was stated in the opinion of this court that witnesses to show the financial condition of Mr. Wetmore must appear before the referee, and submit to an examination and cross-examination. Mr. Wetmore did not appear. He vouchsafed no information respecting his mode of life, or his necessities, other than such intimations as were made in those affidavits, which this court rejected as proof of those matters. It is true that he undertakes to evade this requirement, and to excuse his nonappearance as a witness, by the statement that he was in contempt for disobedience of the order requiring him to pay the alimony, and that he would have come into the state to be examined before the referee provided the plaintiff had consented to forego those remedies to which she would be entitled as process for his disobedience of the judgment awarding alimony. That is not an excuse which can avail him. This court knew from the record on the former appeal that Mr. Wetmore was in contempt of its process, and that fact is fully commented upon in the opinion of the court. 29 App. Div. 511, 51 N. Y. Supp. 797. He was content, upon the proceeding before the referee, simply to call the plaintiff as a witness, to show that her position in life was changed, and that she had remarried, and that her present husband is a gentleman of high social standing, and competent to support her. But the ground upon which the court of appeals placed the modification of the judgment was a change in Mr. Wetmore's circumstances, and not in his wife's. Of such a change he did not make the required proof before the referee. He did not show what his circumstances were, nor whether he did not have ample means for his support furnished him by his mother or other relatives, nor that he was absolutely dependent upon the income of this trust fund. All the evidence he offered before the referee with respect to his changed condition was an adjudication in bankruptcy, made by the United

States district court for the Eastern district of Pennsylvania in January, 1899. The learned referee held, and with great propriety, that the proceeding in bankruptcy was wholly insufficient to show Mr. Wetmore's present financial condition or necessities for the purposes of this application, and he found in his second conclusion that:

"The so-called 'adjudication in bankruptcy' is at best but an ex parte order of the court, obtainable by any person upon the filing of a petition and schedules in the prescribed form. To secure such order it is not even necessary that the petitioner be actually insolvent, the law providing that any person who owes debts shall be entitled to receive the benefits of the act as a voluntary bankrupt. Section 4, c. 3, Bankr. Act U. S. 1898. It follows, therefore, that though adjudged a bankrupt for the purposes of the law in question, the petitioner may have property largely in excess of all liabilities."

The requirement of this court respecting proof to be made before the referee of the changed condition of Mr. Wetmore's circumstances was not complied with in any sense, either technically or in spirit. He has not shown himself to be entitled to the modification of the judgment, and the order appealed from must be reversed, with $10 costs and disbursements, and the motion to amend the judgment denied, with $10 costs. All concur.