1815.

BEDELL
v.
BEDELL.

*Nov.* 17th.

BEDELL *against* BEDELL.

On a bill by the wife against the husband for a divorce from bed and board, on the ground of cruel usage, and for maintenance, the court, under the circumstances of the case, having a due regard to the age and expectations of the parties, decreed a divorce for five years : that the plaintiff, in the mean time, should have the custody and care of the child, a daughter ; and that the defendant should pay 100 dollars a year, in half yearly payments, one half to be applied to the maintenance of the plaintiff, and the other half to the maintenance and education of the child, it appearing from the master's report that the defendant was worth about 3,500 dollars, and his annual income about 100 dollars ; and the defendant was directed to pay the costs of this suit.

Licentious conduct and misbehaviour of the wife, if existing before the alleged acts of cruel treatment by the husband, will destroy her claim for maintenance.

BILL filed by the wife against the husband for a divorce from bed and board, for cruel usage, and, also, for a maintenance, out of the husband's estate, for herself and child.

It charged that the parties were married in 1807, and between that time and *November*, 1813, when the plaintiff abandoned him, the defendant was in the habitual practice of beating her, and otherwise treating her in a cruel and inhuman manner ; and many instances of cruel treatment were specified. The bill charged that the defendant is addicted to intemperance ; and that they have one child, a girl, 6 · years of age.

The answer admitted occasional intoxication, and that he struck the plaintiff in 1808, and occasionally, in 1809, and sometimes in 1811, and treated her with more severity than formerly. The defendant admitted that he turned her out of the house, and struck her, and treated her harshly in 1813, but it was owing to a belief of an illicit intercourse between her and *T. B.*, in that year. That when she went away, in 1813, she took away considerable of his property ; and he

stated, particularly, the suspicious conduct of the plaintiff in respect to *T. B.*

The cause was put at issue, and much testimony taken; and on the hearing, in *June,* 1815, a reference was directed to a master to take an account of the estate of the defendant, and the value of what was taken away by the plaintiff.

The master's report stated, that the plaintiff had taken away personal property to the amount of 300 dollars, and upwards; and that the estate of the defendant, exclusive of debts and charges thereon, was worth 3,500 dollars, but would not produce an annual income of above 100 dollars.

The cause came on to a hearing on the report, and generally on the pleadings and proofs.

*H. Bleecker,* for the plaintiff.

*Riggs,* contra.

THE CHANCELLOR. Here is enough shown and admitted to justify and require a separation of the parties. But as it is alleged that the defendant is reformed, as to his intemperance, and as the parties are young, it is possible that a temporary separation will be sufficient for correction and admonition. I shall give them an opportunity, at a distant period, of re-entering into their duties, and of seeking for mutual consolation and happiness in conjugal life. The statute authorizes a decree of divorce from bed and board, for unkind treatment, to be for ever, or only for a limited time. The charge set up in the answer, of licentious conduct in the plaintiff, in 1813, would, if true, greatly diminish her claim to maintenance; and if the misbehaviour had existed before the first cruel usage on the part of the defendant, it would have destroyed, altogether, any just claim for maintenance. (*Watkyns* v. *Watkyns,* 2 *Atk.* 96.) But the charge in the answer is very materially weakened, and left to rest in doubt and suspicion; and it is to be observed, that the defendant

*1815.*

BEDELL
v.
BEDELL.

was unkind and cruel, and was in the habit of beating his wife, for years before the charge arose.

Under a due regard to the circumstances of the parties, and their future hopes and expectations, I shall decree :

That the parties be divorced from bed and board for five years. That the plaintiff be entitled, during that time, to the custody and care of her daughter. That the defendant pay 100 dollars a year, in half yearly payments, towards the maintenance of the plaintiff, and the child ; and that one half go to the maintenance of the plaintiff, and the other half towards the maintenance and education of the child ; and that the defendant pay the costs of this suit.

Decree accordingly.