# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY.

## JULY TERM, 1838.

---

## JANE RICHMOND v. WALTER M. RICHMOND.

There is no fixed general rule by which to graduate the allowance for alimony, but every case must depend very much on its own peculiar circumstances.

The allowance will not be graduated solely by a regard to the actual rents and profits of the defendant's estate at the time; nor by the actual wants of the complainant.

The defendant's property must be estimated by its value at the date of the master's report, and not by its value at the time of filing the bill.

Does the statute of New-Jersey (*Rev. Laws,* 668, *sec.* 9) authorize any further process to enforce a decree for the alimony and maintenance of the wife, and the maintenance of the children, than a sequestration ?—*Qu.*

Where, upon a decree for a divorce, the children are placed by the court under the charge of the mother, the allowance for their maintenance will be such that the children may be fully maintained in a manner corresponding with the condition in life of the father. The court, in placing the children under the charge of the mother, mean to impose upon her no burden of a pecuniary character.

It seems that this court has the power at any time, on a change of circumstances, to vary the allowance for alimony, by increasing or diminishing it.

THIS bill was for a divorce, upon the grounds of extreme cruelty and adultery. It prayed a decree for a divorce from the bond of matrimony: that the complainant might have the care,

[Richmond v. Richmond.]

custody and charge of the persons of her children, and the superintendence of their education; and that the defendant should pay to the complainant a reasonable allowance for her support and alimony, and for the support, education, clothing and maintenance of her children.

On the 13th of October, 1837, the court divorced the parties, *a vinculo matrimonii*, for the cause of adultery in the defendant, and placed the children under the care and management of the complainant. By that decree, a reference was made to a master, to inquire into the circumstances and condition of the said parties, and the circumstances and condition of the said children, and into all the matters touching the amount to be allowed the complainant for alimony, and for the support, clothing and education of the children. The master reported fully on the whole case, and returned the evidence upon which his report was founded. He estimated the value of the defendant's estate, both real and personal, at the time of filing the bill, over and above his debts, at nineteen thousand and sixty dollars. This consisted almost entirely of real property in the city of New-Brunswick. He made no report of the amount of the annual rents and profits of the estate, but reported that there should be allowed to the complainant, for her alimony and maintenance, the interest on six thousand five hundred dollars annually, which at six per cent. would be three hundred and ninety dollars; and for the support, education and clothing of the children, being three in number, the sum of four hundred and eighty-two dollars annually—making in all, for the allowance to the complainant and her three children, eight hundred and seventy-two dollars a year, payable half-yearly. The master further reported, that in making the allowance for the alimony of the complainant, he was guided by analogy to the right of dower of the wife, and to her interest, according to the statute of distributions, in the personal estate, if the husband died intestate.

To this report various exceptions were filed by the defendant, principally upon the ground, that the allowances made by the master were too large. Additional depositions were taken, which,

together with the written statements of the parties themselves, were, by consent, read upon the hearing.

The cause came on for hearing upon the exceptions, and it was particularly desired by the parties that the chancellor should give directions for a final decree, without a reference back, in any event, to the master.

*Adrain* and *I. H. Williamson*, for defendant, cited, 1 *John. Ch. Rep.* 604; 6 *Ibid*, 92; *Law Library, No.* 39; 3 *Phill.* 387; 3 *Cond. Eccles. Rep.* 153; *Rev. Laws,* 668.

*Nevius*, for complainant, contra.

THE CHANCELLOR. I have looked carefully into the books to see if there was any fixed, general rule for allowances of this character, and had I found one, would cheerfully have followed it. I can find no such rule, none has been furnished me, and indeed it would be impossible to frame one which would work justly in all cases. Certain rules have, indeed, been laid down from time to time, so as to form some guide; still, every case must depend very much on its own peculiar circumstances.

It is urged, that the actual rents and profits of the defendant's estate at the time, are the only matters to be looked at, and the allowance must be graduated by them. This would be a most uncertain guide, with the changes to which we are continually exposed. The rents of property like that owned by the defendant, will vary much in the course of a single year. This year they may be, and probably are in fact, much lower than they were last year, and the year before; and in the course of a year they may again rise. A party, too, might from design suffer his property to go untenanted, or in so negligent a condition as to render it an undesirable occupation, and thereby discourage applications to hire. This rule is, however, especially insisted on, as the statute on the subject of alimony, (*Rev. Laws,* 668,) it is said, does not authorize any further process to enforce a decree in this case than a sequestration of the defendant's personal es-

[Richmond v. Richmond.]

tate, and the rents and profits of his real estate. If this were undeniably true, it would be mere matter of inference, and by no means conclusive. But I think it may be well questioned, whether the power of the court is limited to such sequestration for enforcing the decree; for the statute, after giving this power of sequestration, adds these words: " or to enforce the performance of the said decree or order by such other lawful ways and means as is usual, and according to the course and practice of the court of chancery." In the case of *Bedell* v. *Bedell*, in 1 *Johns. Ch. Rep.* 604, no general rule is laid down, but an allowance is made of the full amount of the defendant's annual income, for the support of the complainant and one child six years of age. In *Miller* v. *Miller*, 6 *Johns. Ch. Rep.* 91, while it is stated that the ecclesiastical courts allow for alimony the third, or at least the fourth, of the annual income of the real estate, yet it is very evident that the chancellor fixes a sum on the ground of its reasonableness in the given case.

The defendant's property must be estimated at the time of the report of the master; for in case of a long-contested suit, to go back to the time of filing the bill, might lead the court into great error. Nor will it answer to be guided by the actual wants of the complainant. They may exceed the amount which the claims of equal justice to both the parties may warrant, and in fact might work an injury to the true interests of the whole family, by consuming the estate, and breaking down all incentives to exertion on the part of the defendant.

Whatever rules may obtain as to the allowance for the wife, the children should be fully maintained in a manner corresponding with the condition in life of the defendant. The court, in placing them under the charge of their mother, meant to impose no burthens upon her of a pecuniary character.

I shall, therefore, exercise the best discretion on the whole case of which I am capable, and make such allowances as appear right in view of the circumstances and condition of this family.

It must be borne in mind, that additional light has been thrown on this case since the master made his report, by new

evidence, and the statement in writing of the parties themselves, received by consent, and which varies and considerably reduces the estimate of the defendant's property.   The Smiley property, which is estimated by a brother of the defendant, doctor Richmond, (on whose evidence, from the relation in which he stands to the parties, and the means of his information, I place great confidence,) at three thousand five hundred dollars, and by another witness, Mr. Zabriskie, at five thousand dollars, has since been sold under execution at the reduced price of one thousand eight hundred dollars.   This is, no doubt, owing to the peculiar embarrassment of the present times, and forms no safe criterion. Yet it all shows how uncertain must be the estimates of real estate in the fluctuating state of the times.   The debts of the defendant are also considerably larger than the master had supposed, as appears by the admissions of the parties themselves.   The old homestead, as it is called, cannot for the present yield any benefit to the defendant, as his mother has a life interest in it, although now an aged woman.

In view of all these circumstances, there is good reason for reducing the allowances made by the master.   I am quite willing, and consider it my duty, to allow this complainant and her children all that the case will warrant.   I shall allow the complainant, for her alimony and maintenance, the sum of two hundred and fifty dollars annually, and to each of the children, for their support and education, the sum of one hundred and thirty dollars annually, making in all the sum of six hundred and forty dollars, payable in half-yearly payments, from the date of the final decree.

My impression, from looking at the statute, is, that this court has the power at any time, on a change of circumstances, to vary this allowance, by increasing or diminishing it; as the act speaks of " such maintenance and allowance as to the said court shall, *from time to time*, seem reasonable and just."   And in the case before referred to, in 6 *Johns. Ch. Rep.* 92, I find such was the impression of chancellor Kent, on the words of the statute of the state of New-York, which in that respect is the same as

ours. I shall embrace in the order for the allowances here made, therefore, that either party be at liberty to apply, upon a future change of circumstances in the parties, or either of them, for such variation or modification of this order touching said allowances, as those future circumstances may dictate to be just.

The following decree was accordingly entered :—

" It is ordered, adjudged and decreed, that the defendant, Walter M. Richmond, pay to the complainant, Jane Richmond, or to her order, during her natural life, or until the future order of this court to the contrary, the annual sum of two hundred and fifty dollars, payable half-yearly ; that is to say, the sum of one hundred and twenty-five dollars on the thirtieth day of October, and one hundred and twenty-five dollars on the thirtieth day of April, in each and every year, commencing with the day of the date hereof, the same being considered and deemed a suitable allowance, having regard to the circumstances of the parties respectively, for her support and maintenance ; and that the defendant, Walter M. Richmond, do within thirty days after service upon him or his solicitor, of a copy of this decree, give such reasonable security for the payment of said annual sum of two hundred and fifty dollars, as shall be approved of by George P. Molleson, esquire, one of the masters of this court, for the punctual payment of said sum, at the times above specified ; and upon his neglect or refusal to give such reasonable security as shall be required by said master, within the time so specified, or upon his default, and that of his surety, in case such surety shall be given, to pay such annual sum at the times when by this decree the same may fall due, as above mentioned, that the complainant be at liberty to apply to this court to award and issue process for the immediate sequestration of the defendant's personal estate, and the rents and profits of his real estate, and to appoint a receiver thereof, according to the statute in such case made and provided, or such other process as this court may, under the circumstances, deem equitable and just, and may be consistent with the power and authority of the court.

[Richmond v. Richmond.]

"And it is further ordered, adjudged and decreed, that the former order of this court, touching a monthly allowance to the said complainant, for her own support and that of her children, be deemed to have ceased as to any further allowance from and after the date of this decree.

"And it is further ordered, adjudged and decreed, by the said chancellor, pursuant to the power and authority vested in this court, and to the statute in such case made and provided, that the said defendant, Walter M. Richmond, pay to the said complainant, Jane Richmond, or her order, until the future order of this court to the contrary, the further annual sum of three hundred and ninety dollars, payable half-yearly, that is to say, the sum of one hundred and ninety-five dollars on the thirtieth day of October, and the sum of one hundred and ninety-five dollars on the thirtieth day of April, in each and every year, commencing with the day of the date hereof, the same being deemed a fit and just allowance for the care and maintenance, education and clothing of her said children, having like regard to the circumstances and condition of the said defendant, and the age and condition of the said children, and for the support, education, clothing and maintenance of said children. And that the said defendant give such further reasonable security as shall in like manner be approved of by the said George P. Molleson, esquire, master as aforesaid, for the punctual payment of the said last mentioned annual sum of three hundred and ninety dollars at the times above specified, which security shall be given within thirty days after the service of a copy of this decree on said defendant or his solicitor. And on his neglect or refusal to give such reasonable security as shall be required of him by the said master, within the time so limited, or upon default of said defendant and his surety to pay the said last mentioned annual sum, at the times and in the manner last above mentioned, that the said complainant be at liberty in like manner to apply to this court to award and issue process for the immediate sequestration of the property and estate of said defendant, to enforce such payment, or for such other process as may by said court be deem-

ed proper, and shall be consistent with the power and authority of this court.

"And it is further ordered, adjudged and decreed, that this decree shall, from the date thereof, be a lien upon the personal and real estate of said defendant, in the state of New-Jersey, and that a copy thereof be forthwith served upon said defendant or his solicitor; and that either party be at liberty to apply, upon a future change of circumstances in the parties, or either of them, for such variation or modification of this order and decree, touching the said allowance for alimony and maintenance, and for the support, education, care and clothing of said children, as such future circumstances may dictate to be just and equitable.

"And it is further ordered, adjudged and decreed, that the said defendant pay to the said complainant all her costs which have accrued in the prosecution of this suit, to be taxed by the clerk of this court, and that the said complainant have execution therefor, according to the course and practice of this court: and also, that the said complainant be at liberty to apply to this court for any further order and direction that may be necessary and proper, to carry into full effect this decree."