## MERSEREAU v. MERSEREAU.

(Supreme Court, Appellate Division, First Department.  May 11, 1900.)

DIVORCE—CUSTODY OF CHILD—JUDGMENT—MODIFICATION.

> Code Civ. Proc. § 1771, provides that in actions for divorce the court must give directions in the final judgment for the custody of the children, and may, on application of either party, after due notice to the other, at any time after final judgment, modify such directions, but no such application shall be made by defendant unless leave shall have been previously granted. *Held*, that an order, made on defendant's application, without notice and without leave, modifying a final judgment for divorce by adding a clause allowing him access to the children in plaintiff's custody, was unauthorized.

Appeal from special term, New York county.

Action by Clara E. Mersereau against James H. Mersereau for a divorce. From an order resettling the judgment, plaintiff appeals. Reversed.

See, also, 63 N. Y. Supp. 336.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

J. Delahunty, for appellant.
Robert H. Griffin, for respondent.

INGRAHAM, J.  Final judgment was entered in this action granting the plaintiff a divorce, and awarding the custody of the infant children of the marriage to the plaintiff. There was no provision in the judgment under which the defendant was allowed to see the children. The judgment was entered as of October 16, 1899. On November 13, 1899, the defendant applied to the justice who tried the case to resettle the judgment by inserting a provision allowing the defendant to see the children; and on November 23, 1899, an order was entered directing that the judgment be resettled and amended nunc pro tunc as of the 11th day of November, 1899, by adding a clause allowing the defendant, on Sunday of each week, from noon to 5 o'clock in the afternoon, to see and consort with his five infant children at his residence, in the city of New York; and from this order the plaintiff appeals.

There is nothing in the record to show that this application was made to correct a mistake or to supply an omission in the judgment. So far as appears, the judgment was regularly entered, and became final between the parties. Actions of this character are regulated by the Code of Civil Procedure. By section 1771 it is provided that:

"Where an action is brought by either husband or wife, as prescribed in either of the last two articles, the court must * * * give, either in the final judgment, or by one or more orders, made from time to time, before final judgment, such directions as justice requires between the parties, for the custody, care, education and maintenance of any of the children of the marriage. * * * The court may, by order, upon the application of either party to the action, after due notice to the other to be given in such manner as the court shall prescribe, at any time after final judgment, annul, vary or modify such directions. But no such application shall be made by a defendant unless leave to make the same shall have been previously granted by the court by order made upon or without notice, as the court in its discretion may deem

proper, after presentation to the court of satisfactory proof that justice requires that such an application should be entertained."

The provisions of this section were not complied with. By the entry of the judgment, it became the final judgment in the action, by which provision was made for the custody of the children of the marriage. No application could be made by the defendant to vary that final judgment unless leave to make the application had been granted by the court, and no such leave was granted. Before this section of the Code was amended, in 1895, a judgment in an action for divorce could not be modified unless power was reserved in the judgment. "The jurisdiction of the court over the subject-matter of such an action and of the parties, in respect of the matters involved in it, terminated with the entry of final judgment, except as to proceedings for the enforcement of it, or to correct any mistake in the record." Walker v. Walker, 155 N. Y. 80, 49 N. E. 664. By this section of the Code, as amended, provision is made for a modification of such a judgment; but, to justify the court in acting under it, its provisions must be complied with.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and motion to resettle denied. All concur.