(74 App. Div. 261.)

### LIVINGSTON v. LIVINGSTON.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. DIVORCE—JUDGMENT—ALIMONY—MODIFICATION—CONSTITUTIONAL LAW.
Laws 1900, c. 742, amending Code Civ. Proc. § 1759, subd. 2, by extending the power of the court, first given by Laws 1895, c. 891, to modify or vary a final judgment in divorce, as to the alimony directed to be paid, to such judgments theretofore rendered, is, as to judgments which had become absolute before its adoption, in violation of Const. art. 1, § 6, providing that no person shall be deprived of property without due process of law.
McLaughlin, J., dissents.

Appeal from special term, New York county.

Action by Mary W. Livingston against William S. Livingston. From an order modifying a final judgment entered in 1892 in an action for divorce by reducing the amount of alimony to be paid by defendant, plaintiff appeals. Reversed.

See 72 N. Y. Supp. 487.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. H. Hummel, for appellant.
J. V. V. Olcott, for respondent.

INGRAHAM, J. This action was commenced in the year 1892, in the superior court of the city of New York, for a divorce. The defendant interposed an answer, which contained a counterclaim charging the plaintiff with adultery, and asking for affirmative relief against her. That action was tried before a referee, who reported in favor of the plaintiff, finding the defendant guilty of the offense charged, the plaintiff not guilty, and dismissing the counterclaim; whereupon final judgment was entered granting the plaintiff a di-

vorce, awarding the custody of the two children of the marriage to the plaintiff, and directing the defendant to pay to the plaintiff $4,000 per year for her support and the maintenance and education of the children. Within a short time after the entry of this judgment, the defendant, although then a resident of this state, went to the state of Pennsylvania, and, notwithstanding the provisions of this judgment and of the statutes of this state, remarried, and at once returned to New York, and has since lived here. Some seven years after the entry of this judgment, the plaintiff remarried, and since that time has lived here with her husband. The plaintiff, since the entry of this judgment, has provided for the maintenance, education, and support of the children, and, according to her testimony before the referee, which was not contradicted, has expended upon such maintenance, education, and support the whole of the amount received by her from the defendant, the whole amount being necessary for that purpose. One of the children is a girl 16 years of age, and the other a boy 13 years of age. On March 30, 1901, the defendant applied to the special term to reduce the amount required to be paid to the plaintiff, upon the allegation that his income has decreased since the entry of the judgment, so that it is at present about $6,000 per year, and is not sufficient to enable him properly to support his present family, and also to pay the amount required to be paid by this judgment. Upon this application the court reduced the alimony from $4,000 to $3,000 per year. The application was made under subdivision 2 of section 1759 of the Code of Civil Procedure, as amended by chapter 742 of the Laws of 1900, and the material question presented is whether this section of the Code, so far as it applied to judgments entered before the section was amended, is in violation of the constitution. At the time this judgment was entered the Code provided that in an action for a divorce, when the action is brought by the wife, "the court may in the final judgment dissolving the marriage require the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of the plaintiff, as justice requires, having regard to the circumstances of the respective parties" (subdivision 2, § 1759, Code Civ. Proc.), and that in an action for a divorce or separation, "where an action is brought by either the husband or wife, * * * the court must give either in the final judgment * * * such directions as justice requires between the parties for the custody, care and education of any of the children of the marriage. Where the action is brought as prescribed in article 3 of this title [for a separation] the court may by order at any time after final judgment annul, vary or modify such a direction" (section 1771); and sections 1772 and 1773 provide for the enforcement of such a judgment. In this judgment of divorce there was no provision reserving the right of the court thereafter to modify its provisions; nor did the statute in force when the judgment was granted authorize the court to modify a judgment making provision for the custody, education, and maintenance of the children of the marriage, or for the support of the wife, in an action for divorce. It is now settled that the courts of this state have no common-law jurisdiction over the subject of divorce, and

the authority of the court to decree a divorce and to make provision for the support of the wife and the education, maintenance, and support of the children is confined to the exercise of such express and incidental power as is conferred by statute. Walker v. Walker, 155 N. Y. 77, 49 N. E. 663. While there is a distinction between a judgment rendered by a court to enforce a contract or to determine the ownership of property and the provision of a judgment requiring the husband to support, maintain, and educate his children and support his wife in an action for a divorce, as to the method of enforcement of the judgment and the application of the money required to be paid thereby, the obligation imposed by such a provision in a judgment in an action for a divorce is based upon the legal obligation assumed by the husband on his marriage. By the contract of marriage the husband assumes certain pecuniary obligations recognized by the common law. He is liable for the support of his wife, and any one furnishing necessaries for her support has a legal cause of action against the husband; and he is also legally liable for the support, maintenance, and education of his children during their minority. When the state authorizes the severance of the relations entered into between the parties to a marriage contract, it provides that the person under this obligation must make provision for its performance. Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, 26 Am. St. Rep. 544. By the judgment of divorce this obligation of the father and husband is determined. He is no longer bound to provide a home for his family, or liable to those who furnish necessaries for his wife and children; his sole obligation being reduced to the payment required to be made by the judgment. People v. Cullen, 153 N. Y. 636, 47 N. E. 894, 44 L. R. A. 420. "His duty is continued, and is measured and fixed by the decree." Wetmore v. Wetmore, 149 N. Y. 529, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. The husband thus obtains by the judgment an advantage by which the obligation that he had assumed upon entering into the marriage is "fixed and measured," so that no further obligation for the support of his wife and children can be imposed upon him. Kamp v. Kamp, 59 N. Y. 220. The court would undoubtedly have the right to reserve by the judgment power to modify its provision, and thus the right of the wife and children to the support provided for by the judgment would be subject to such modification as the court should, under the power thus reserved, determine from time to time to be proper. But where no such power was reserved in the judgment, and the judgment becomes absolute, fixing definitely the amount that the husband is to pay in lieu of the obligation that he had assumed upon his marriage, and which existed at the time the judgment was entered, no matter what increase there might be in his income or property, neither the wife nor the children could obtain any larger sum for their support than that provided for by the judgment; nor could the husband open up the question as to the amount to be paid, so as to reduce it because his income had been reduced. Kamp v. Kamp, supra; Walker v. Walker, supra. The sum of money fixed by the judgment in such actions, whether to be paid in one gross sum or in annual installments, is thus determined

by the judgment to be the amount to be paid by the husband and father to discharge this existing obligation, and is a distinct obligation imposed by the judgment upon him, by the discharge of which, he is relieved of the obligation for which he was theretofore liable.

Under the Code of Civil Procedure as it existed at the time this judgment was entered, there was no distinction, as to the power of the court to modify the judgment, between a provision for the support of the wife and one for the education and maintenance of the children. Prior to the enactment of the Code of Civil Procedure, section 59 of chapter 8, pt. 2, tit. 1, art. 5, of the Revised Statutes, provided that in an action brought for a divorce or for a separation the court may, "during the pendency of the cause, or at its final hearing, or afterward, as occasion may require, make such order as between the parties for the custody, care and education of the children of the marriage as may seem necessary and proper, and may at any time thereafter annul, vary or modify such order." Under this provision the court of appeals, in Erkenbrach v. Erkenbrach, 96 N. Y. 456, held that by expressly authorizing an order modifying a judgment to be made after its entry providing for the care, custody, and education of the children of the marriage it impliedly prohibited the modification of a judgment of divorce in any other particular. Upon the passage of the second part of the Code of Civil Procedure this provision of the Revised Statutes was repealed, and section 1771 of the Code of Civil Procedure, to which attention has been called, was passed as a substitute therefor. By that section the right of the court to modify a final judgment, with directions as to the custody, care, and education of the children of the marriage, was confined to a judgment entered in an action for a separation; thus excluding an action for divorce. This modification was significant, and, applying the principle that granting authority to modify a judgment in an action for a separation which provides for the care, custody, and education of the children prohibits any modification except that allowed, the legislature had impliedly prohibited the court from modifying a provision contained in a final judgment in an action for divorce either for the custody, care, and education of the children of a marriage which was dissolved by such final judgment, or for the support of the wife. The amendment of sections 1759 and 1771 of the Code of Civil Procedure by chapter 891 of the Laws of 1895, giving the court power to annul, vary, or modify a direction for the education and maintenance of the children, or, for the support of the wife, is a legislative declaration that the law did not, as it existed before the amendment, embrace the provision that the amendment supplied. In re Miller's Estate, 110 N. Y. 216, 18 N. E. 139; In re Harbeck, 161 N. Y. 211, 55 N. E. 850. In the Erkenbrach Case the power of the court to modify a final judgment in a divorce case providing for the care, maintenance, and education of the children was placed solely upon the ground that, under the provisions of the Revised Statutes in force when the judgment was entered, the court was expressly authorized to modify, by an order made after judgment, the provision therein contained, by which the care, custody, and main-

tenance of the children of the marriage were provided for. As, however, by the provision of the Code of Civil Procedure in force at the time the judgment in this action was entered, such power was restricted to a judgment in an action for a separation, the authority for a modification of such a judgment in an action for divorce had been repealed by the legislature, and the general rule stated in Kamp v. Kamp, supra, and which has since been uniformly followed, should, I think, apply. A provision in a final judgment in an action for a divorce directing the payment of a sum of money for the support of the wife, or for the care, education, and maintenance of the children, became a binding obligation upon the defendant, with no power reserved to the court to modify it. In what respect does this differ from an obligation to pay a sum of money each year in consideration of the transfer to the obligor of a piece of property? It is a judicial determination of the amount required to be paid by a person upon whom there is by law a liability, and in the discharge of that liability. It vests in the plaintiff the right to receive this money in discharge of the father's and husband's obligation to support his wife and children. By the judgment awarding the custody of the children to the wife there was imposed upon her the obligation before placed upon the husband for the support and education of the children, and for her own support; and as a part of the judgment imposing that obligation upon the wife it is adjudged that the husband shall pay her this sum of money annually. That a judgment requiring a party to pay to another a sum of money is properly within the meaning of the constitution seems to me to be a self-evident proposition, not denied by any authority to which our attention has been called. This could hardly be denied if it determined the right of a party to an action to specific real or personal property, and it was so held in Gilman v. Tucker, 128 N. Y. 203, 28 N. E. 1040, 13 L. R. A. 304, 26 Am. St. Rep. 464. Where the judgment in express terms adjudges that one party pay to another a sum of money, the party in whose favor the judgment is rendered obtains a right to enforce that judgment, which is a right of property; and that right the plaintiff in this action acquired by this judgment. This right having been thus absolutely assured by a judgment which is unimpeached and unimpeachable, fixing the amount of money that this defendant should pay to the plaintiff in discharge of the legal obligation that he had assumed upon his marriage, became in her hands property which was protected by the constitution, and which neither the legislature nor the court could deprive her of, directly or indirectly; and this amendment of the Code, which assumes to give to a party to an action which has resulted in a final judgment which had become unimpeachable a right to apply to have that judgment modified or vacated for a cause not existing at the time the judgment was entered, because, if the judgment were now to be entered, its provisions would be different, indirectly attacks the foundation of the judgment, and deprives the plaintiff of rights of property secured to her by it when entered. If this judgment had provided that the defendant, in discharge of his obligation to the plaintiff and her children, should pay a gross

sum of money at a particular time, a legislative act annulling that judgment would, I think, have been void. Instead of a direction to pay a sum absolute, it directs for a specific time that the defendant pay to the plaintiff a fixed sum annually, and I assume it would not be disputed that an act of the legislature directly annulling that judgment would be void. What the legislature could not do directly it could not do indirectly by authorizing a court to annul such a judgment; and especially would this prohibition apply where the ground of annulment was not a mistake or an error of the court in pronouncing the judgment, but because of a change in the pecuniary condition of the defendant, which has made it inconvenient for him to comply with it.

It seems to me that this attempt to abrogate or annul the provisions of a judgment legally entered by a court of competent jurisdiction having jurisdiction over all the parties because of the happening of events subsequent to the entry of the judgment is a direct attempt to deprive the plaintiff of property, and in violation of section 6, art. 1, of the constitution, which provides that no person shall be deprived of property without due process of law. The general rule is stated in 6 Am. & Eng. Enc. Law (2d Ed.) p. 1038: "No power exists on the part of the legislature to grant new trials or rehearings, or to authorize the opening of a judgment previously rendered, after that remedy under the general law has expired." And on page 1040: "So the legislature cannot confer the right of appeal and trial de novo in the supreme court of a cause wherein no such right existed at the time the decision therein was rendered." The cases cited in the notes show that this principle has received universal approval in the various states of the Union. It has also been recognized in the courts of this state. In Gilman v. Tucker, 128 N. Y. 190, 28 N. E. 1040, 13 L. R. A. 304, 26 Am. St. Rep. 464, Chief Judge Ruger said:

"We also think the act violates the constitutional guaranty, because it assumes to nullify a final and unimpeachable judgment, not only establishing the plaintiff's right to the premises in dispute, but also awarding him a sum of money as costs. * * * It not only does this, but it attempts to reverse a judgment, and give to a defeated party the fruits of a recovery awarded to another. We must bear in mind that a judgment has here been rendered, and the rights flowing from it have passed beyond the legislative power, either directly or indirectly, to reach or destroy. After adjudication, the fruits of the judgment become rights of property. These rights became vested by the action of the court, and were thereby placed beyond the reach of legislative power to affect."

In Walker v. Walker, 155 N. Y. 77, 49 N. E. 663, there is a strong intimation in the opinion that, if sections of the Code there under consideration could be held to apply to judgments entered prior to their adoption, they would be, so far as they affected such judgments, unconstitutional; the court saying:

"If such an effect was given to them, their constitutionality might well be doubted, as they might affect the vested rights of a party, and impair the obligations of contracts."

In Burch v. Newbury, 10 N. Y. 374, it was held by the court of appeals that the legislature had no right to give to a party to an

action a right to appeal from a final judgment after that right had expired, as such an act of the legislature was in violation of the principle of article 1, § 6, of the constitution of this state. The court in that case say:

"The act assumes to create the means by which the complainant may open the decree for a reconsideration and adjudication upon the merits in controversy in the suit between the parties. * * * I think the provision contained in the constitution referred to secures a person against being deprived of his property, either contingently or absolutely. If the appeal authorized to be taken by the act may result in depriving the defendant of his property, it is, in my opinion, contrary to the constitution."

The provision of the Code under which this application was made was added to section 1759 by chapter 742 of the Laws of 1900, and is as follows:

"The court may, * * * by order, upon application of either party to the action, and after due notice to the other to be given in such manner as the court shall prescribe, at any time after final judgment, whether heretofore or hereafter rendered, annul, vary or modify such a direction."

We think this provision, so far as it applies to judgments which had become absolute before its adoption, was in violation of the constitution, and therefore void.

It is doubtful in this case whether the application should be granted if the court had the power. The defendant was a resident of this state, was convicted of a violation of his marital obligation, and was prohibited both by the judgment and the statute law from marrying again during the lifetime of the plaintiff. Notwithstanding this prohibition, immediately after the judgment was entered he went to another state, and there violated the prohibition, and returned to this state, and has lived here from that time to the present. He now comes to the court asking to be relieved from a judgment making a provision, which, when made, was proper, and consistent with his condition, for the support of his lawful wife and children; he claiming that he has assumed new obligations (prohibited by law), which require him to apply his income in that direction, rather than to the discharge of this judgment. While we recognize that this prohibition has no extraterritorial effect, and does not invalidate a marriage in another state legal in the place where it was performed, the act of the defendant was clearly one in violation of our law,—the law of the state of which he was a citizen, and with which he was bound to comply. Nor is there any evidence that the cost of the maintenance and education of their children has decreased since the judgment was entered, and the evidence is undisputed that the amount required to be paid by this judgment is necessary for that purpose.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

O'BRIEN and HATCH, JJ., concur. PATTERSON, J., concurs in result.

McLAUGHLIN, J. (dissenting). I think chapter 742 of the Laws of 1900 is constitutional. Whatever power the court has over the

subject of divorces, including the power to award alimony, is derived from the legislature; and that body can, at its pleasure, increase or diminish the power thus given. Walker v. Walker, 155 N. Y. 77, 49 N. E. 663. Nor can alimony which has not, by the terms of the decree, become payable, be considered property in the sense in which that term is generally understood. I am also of the opinion that the court very properly, under the facts presented, reduced the alimony here awarded from $4,000 to $3,000 per year. Whatever may be said as to the obligation resting upon a husband to support his wife, and as to the propriety of the court, in case of a divorce, making suitable provision to that end, it has no application here. The award in this case was made to the wife. She has again married, and immediately upon her marriage to her present husband she ceased to be, in every sense, the defendant's wife; hence the reason which existed when the alimony was awarded, and which solely induced the court to grant it, also ceased. Wetmore v. Wetmore, 162 N. Y. 503, 56 N. E. 997, 48 L. R. A. 666. In contracting that marriage she became the wife of another man, with whom she is now living, and presumably he is discharging the legal and moral obligation which rests upon him, viz., to support her. According to the moral code, which is universally recognized in civilized countries, one man is not permitted to support another man's wife. It is antagonistic to the marriage relation, ought not to be sanctioned by the parties themselves, and, if so, ought to be and is condemned by public sentiment in every case, so far as I am aware, unless supported by a decree of the court; and, in my opinion, the court should not sanction an act of this kind which otherwise would be universally condemned. Where a wife has been awarded alimony for her support, the payment of the same, in case of her remarriage, should immediately terminate. Substantially the same argument as here made was made in Wetmore v. Wetmore, supra, but the court held that, upon the husband showing that by reason of a change in his financial condition he was unable to pay the award originally made, the special term correctly reduced the amount awarded.