(82 App. Div. 65.)

GOODSELL v. GOODSELL.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. ALIMONY—VESTED RIGHT—SUBSEQUENT LEGISLATION.

As the alimony allowed by a decree of divorce becomes a vested property right, it cannot be affected by subsequent legislation authorizing the modification or annulment of awards of alimony.

2. SAME—MODIFICATION OF DECREE—ADULTERY PRIOR TO DECREE—ADMISSIBILITY OF EVIDENCE.

Code Civ. Proc. § 1759, as amended by Laws 1895, p. 720, c. 891, provides that in a judgment dissolving marriage the court may require defendant to provide for plaintiff's support and that of the children, having regard to the circumstances of the parties, and may, after judgment, vary or modify such a direction. Similar power as to modification on motion of the husband had not been conferred on the courts since the adoption of the Revised Statutes. *Held*, that a defendant husband could not, on the hearing of a reference to readjust alimony, introduce newly discovered evidence of the wife's adultery prior to the divorce decree in support of a reduction of the award.

Appeal from Special Term, New York County.

Suit for divorce by Kate Treat Goodsell against Edward Leeds Goodsell. From an order extending the scope of an order of reference before granted on defendant's application for a modification of alimony, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

John N. Drake, for appellant.
William F. S. Hart, for respondent.

LAUGHLIN, J. On the 21st day of August, 1899, a decree of divorce was duly granted herein in favor of the plaintiff, which required that the defendant pay her alimony at the rate of $2,700 per annum. The defendant, claiming a change in his financial circumstances, subsequently applied for a modification of the decree as to the amount of alimony; and upon such application the court, on the 30th

day of April, 1900, ordered a reference to take proof of the facts. The defendant took no steps to bring the reference to a hearing for two years, and then the plaintiff brought it on. The defendant then made a motion to open the decree, and for leave to serve an amended answer setting up adultery on the part of the plaintiff. This motion was denied. The reference was then proceeded with, and evidence tending to show the commission of adultery by the plaintiff prior to the entry of the decree was offered and received by the referee. The order of reference was then resettled, confining the evidence to the pecuniary circumstances of the parties. The defendant then made a motion to amplify the order of reference and amend the same so as to permit the taking of proof "as to all facts relating to misconduct, if any, of the plaintiff which was unknown to the defendant, and might not with due diligence have become known to him, prior to the entry of the decree of divorce and alimony herein, and to take proofs of all material and necessary facts which should be taken into consideration in a proceeding to fix and settle the alimony accrued to the present time which the plaintiff is entitled to receive from the defendant for her support, and that the said referee be empowered to fix and determin the amount of alimony that the defendant is to pay to the plaintiff in the future."

It appears that within a short time after the decree, and prior to his motion to modify the same, concerning the amount of alimony, the defendant remarried in another state, and thereby contracted new obligations upon the faith of this decree as effectually annulling the marriage between him and the plaintiff, notwithstanding that he could not have remarried within this state. It appears by two affidavits read in opposition to the motion that the defendant during the pendency of the divorce proceeding claimed to have knowledge of the plaintiff's adultery, and the only denial he makes to these affidavits is that he does not recollect making these statements. In these circumstances, and the motion not having been made until more than three years after the decree was granted, it should have been denied, even though there was authority to grant it. If the Legislature had, by statute, permitted the opening of the decree and the rehearing of the question of alimony as of the time of the trial, the opportunity and inducement for connivance on the part of the husband in allowing a decree with an award of alimony to be entered against him with knowledge of the misconduct of his wife is so great where he may desire to be free from the obligations of matrimony that it should be satisfactorily shown by competent convincing evidence that the evidence upon which the motion is based is newly discovered. We think, however, that there is no authority for such a rehearing. It is claimed to exist by virtue of the provisions of subdivision 2 of section 1759 of the Code of Civil Procedure, as amended by chapter 891, p. 720, of the Laws of 1895, which are as follows:

"The court may, in the final judgment dissolving the marriage, require the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of plaintiff, as justice requires, having regard to the circumstances of the respective parties; and may, by order, upon the application of either party to the action, and after due notice to the other, to be given in such manner as the court shall prescribe, at any

time after final judgment, vary or modify such a direction. But no such application shall be made by a defendant unless leave to make the same shall have been previously granted by the court by order made, upon or without notice as the court in its discretion may deem proper after presentation to the court of satisfactory proof that justice requires that such an application should be entertained."

Prior to this amendment there was no statutory authority in this state for modifying a decree of alimony on the application of the husband subsequent to its rendition, which is quite significant in determining the legislative intent. Under section 5 of chapter 102 of the Laws of 1813 the court was authorized to vary the alimony "from time to time," but this provision was omitted from the Revised Statutes, and there was no authority since to change the alimony after a decree of divorce was entered until the amendment of subdivision 2 of section 1759 of the Code of Civil Procedure made by chapter 728, p. 1818, of the Laws of 1894 (Rev. St. [1st Ed.] pt. 2, c. 8, tit. 1, art. 3). It is to be borne in mind that courts have no inherent authority to grant divorces or award alimony or modify such an award, and on these subjects they exercise such authority only as is conferred by the Legislature. Erkenbrach v. Erkenbrach, 96 N. Y. 461; Kamp v. Kamp, 59 N. Y. 212; Livingston v. Livingston, 74 App. Div. 201, 77 N. Y. Supp. 476, affirmed 66 N. E. 123; Walker v. Walker, 155 N. Y. 77, 49 N. E. 663. It will be seen that early in the history of the state the Legislature vested the courts with authority to modify the amount of alimony from time to time after a decree of divorce, but that from 1828 until 1894 no such authority was conferred. The provision of the Revised Statutes already cited conferring authority upon the court to allow alimony was "to provide such suitable allowance to the plaintiff for her support as to the court shall seem just, having regard to the circumstances of the parties respectively." The phraseology of the Code provision on this subject which superseded the Revised Statutes is somewhat different, but in effect the same, it being "to provide suitably * * * for the support of the plaintiff, as justice requires, having regard to the circumstances of both parties." The "circumstances of the parties," as used in these statutory provisions, with reference to the original decree, is quite comprehensive, and not only to the pecuniary circumstances and the requirements of the parties in view of the manner in which they had lived, but also authorized and required a consideration of the conduct of each; and, if the wife was to some extent responsible for the misconduct of the husband, or in fault, although this did not justify his acts, yet it might be considered in determining the amount of alimony that she should receive. 2 Am. & Eng. Enc. of Law (2d Ed.) pp. 126 to 135, and cases cited; Peckford v. Peckford, 1 Paige, 274; Bedell v. Bedell, 1 Johns. Ch. 604. If the wife, however, be herself guilty of adultery, it is the policy of the law that she shall not be awarded a decree of divorce or alimony. It is, therefore, not reasonable to suppose that the Legislature intended by this provision that such misconduct on the part of the wife was to be taken into consideration in determining the award of alimony, for the decree proceeds on the theory of her innocence of infidelity. The decree is an adjudication of the facts bearing on the plaintiff's right to alimony which were litigated and those which

might have been litigated as well. Kamp v. Kamp, supra; Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084; Embury v. Conner, 3 N. Y. 511-522, 53 Am. Dec. 325; Griffin v. L. I. R. R. Co., 102 N. Y. 449-452, 7 N. E. 735; Mersereau v. Mersereau, 51 App. Div. 461, 64 N. Y. Supp. 635. It was, of course, subject to review and reversal on appeal, but it could only be affected by motion seasonably made upon a proper showing of fraud or mistake or of newly-discovered evidence. Livingston v. Livingston, 46 App. Div. 18, 61 N. Y. Supp. 299; Hauscheld v. Hauscheld, 33 App. Div. 296, 53 N. Y. Supp. 831; Mersereau v. Mersereau, supra. This motion does not fall within any of these classes. The defendant does not seek to vacate or set aside the judgment of divorce. He, in effect, asks for a new trial of the incidental question relating to the amount of alimony on the ground of newly discovered evidence of a character which would not only have defeated the award of alimony, but the decree as well.

The alimony allowed by decree of divorce becomes a vested property right, and may not be affected either by subsequent events or legislation. Livingston v. Livingston, 74 App. Div. 261, 77 N. Y. Supp. 476, affirmed 66 N. E. 123. For this reason the amendment to this subdivision and section of the Code made by chapter 742, p. 1592, of the Laws of 1900, although in terms retroactive, and perhaps somewhat broader, in that it authorizes an annulment of the award of alimony, has no application to this decree, which was previously made, and its effect need not be considered or determined. The court could have decreed a divorce, and reserved the question as to alimony for future determination. Galusha v. Galusha, 138 N. Y. 272, 33 N. E. 1062; Hauscheld v. Hauscheld, supra. It may be conceded that the Legislature could, as to future decrees, have authorized such relief on the application of the husband, but in determining whether this was contemplated by the Code amendment of 1895, in force at the time the decree was made, it must be borne in mind that this is an extremely unusual, if not unheard of, proceeding in our jurisprudence; and we must also consider whether it is opposed to our public policy. The language of the amendment does not necessarily require such construction; nor does it follow that on such a motion the court may consider all the elements that might have been considered originally. It may, we think, be given full force and effect by ascribing to the Legislature the intention of authorizing the courts to vary or modify the allowance of alimony from the time of the adjudication that such variation or modification is proper without making the same retroactive. If the annulment or modification is to relate back to the time of the decree, then the divorced woman might be liable for the excess of alimony received in the meantime. There seems to be no propriety in readjudicating the question of alimony as of the date of the decree, where the decree is permitted to stand as a judgment of divorce. Where alimony is allowed in the decree without any reservation of a right of modification, it should be conclusively presumed, while that decree stands, that the court has considered all the material facts, and that the adjudication was made with reference thereto. The time for proving facts such as it is sought to show under the amended order of reference was before the decree of divorce.

The custody of the innocent children is supposed to be awarded to an innocent mother; but if, after this status is established by the decree of divorce, the husband is to be permitted to make motions from time to time for a modification of the award of alimony based upon alleged misconduct of the wife prior to the decree, both the mother and the children will be scandalized. The legitimacy of the issue of the marriage would, in the eye of the law, be established by the decree; but, if the father is to be permitted to show misconduct of the mother previous to the decree, the full benefit of the presumption of their legitimacy will not be given. It does not appear that there was issue of this marriage, but we cannot have one rule where there are children and another where there are not, under the same statutory provision. It is also the policy of the law that the wife, upon the rendition of a decree of divorce in her favor, shall not only be free from all obligations to the husband, but from all annoyance or meddling in her affairs by him. The rule contended for by the respondent, if adopted by the court, would place the wife under the surveillance of the husband, and subject her to endless molestation and annoyance. By persistent inquiry into her private affairs, or causing her to be shadowed by detectives, she might, though innocent, to avoid the embarrassment attendant upon attempts on the part of her former husband to subject her to shame and disgrace, consent to a modification or abandonment altogether of her claim to alimony.

We have been referred to some decisions in other jurisdictions indicating that facts occurring prior to the decree of divorce may be subsequently inquired into for the purpose of readjusting the alimony; but they are based upon statutes quite different from ours, and are of no value in determining the public policy of our own state on a subject upon which the public policy of the different states widely differs. It has been held in this state in a well-considered opinion that immorality of the former wife subsequent to the decree affords no ground for withholding alimony. Forrest v. Forrest, 3 Bosw. 661.

As has been observed, the statute affords no remedy to the husband for a modification of the decree as to the amount of alimony until 1895, and prior to that time the only remedy afforded was to the wife. We think that full force and effect may be given to this legislation by confining the inquiry in the main, if not exclusively, to facts and circumstances tending to show a change in the fortune, income, or necessities or requirements of the parties since the granting of the decree, and that this was the object of the amendment. But whether or not this is the limitation of the right of inquiry in all cases need not be determined, for, in any event, the decree cannot be opened in part only; and upon the past conduct of the plaintiff the defendant has had his day in court, and the interests of society are superior to any private grievance he may now have, and forbid reopening the question in this manner.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.