(46 Misc. Rep. 158.)

GOODSELL v. GOODSELL.

(Supreme Court, Special Term, New York County. January, 1905.)

1. DIVORCE—ALIMONY—RES JUDICATA.

Where a wife obtained a decree of absolute divorce, with a provision for alimony, the alimony allowed becomes a vested property right, and questions in regard thereto as of the date of the decree cannot be readjudicated.

2. SAME—REDUCTION.

After decree for divorce granted a wife, with a provision for alimony, defendant moved for an order reducing the alimony more than four years after the order of reference to take the testimony, and the wife moved to reopen the reference for further testimony. *Held*, there appearing no circumstances showing change in the fortunes or necessities of the parties, the motions will be denied.

Action by Kate T. Goodsell against Edward L. Goodsell. Motion by defendant for order modifying decree in the action by reducing the alimony, and motion by plaintiff to reopen the reference. Motions denied.

See 88 N. Y. Supp. 161.

John N. Drake, for plaintiff.
William F. S. Hart (David Tim, of counsel), for defendant.

CLARKE, J. Defendant moves, upon filing the referee's report, for an order modifying the decree or judgment in this action by reducing the alimony allowed therein. Plaintiff opposes the motion,

and moves to reopen the reference for further testimony and sup-
plemental findings.

The decree was entered in August, 1899.   More than four years
have elapsed since the order of reference on this motion to reduce
alimony was made, and over two years have been spent in taking
testimony, which covers nearly 2,000 pages.   There should be no
further delay or expense in extending the reference, and it is not
necessary, as all facts requisite to a determination of the mo-
tion are before the court.   The order of reference, as resettled in
July, 1902, appoints the referee "to take proof of the facts relating
to the pecuniary circumstances of the parties, and report to the
court with his opinion thereon."   The Appellate Division of this
department, in Goodsell v. Goodsell, 82 App. Div. 65, 81 N. Y. Supp.
806, denied a motion to enlarge the scope of this reference, and de-
fined the limits of the inquiry under section 1759, subd. 2, Code Civ.
Proc., as amended by chapter 891, p. 720, Laws 1895.   The Code
provides:

"The court may, in the final judgment dissolving the marriage, require the
defendant to provide suitably for  *  *  *  the support of plaintiff, as jus-
tice requires, having regard to the circumstances of the respective parties;
and may, by order,  *  *  *  at any time after final judgment  *  *  *
vary or modify such a direction."

The Appellate Division held that the decree is an adjudication
of the facts bearing on the plaintiff's right to alimony which were
litigated, and those which might have been litigated as well; that
the alimony allowed by decree of divorce became a vested property
right, and that therefore the question of alimony as of the date of
the decree may not be readjudicated.   Mr. Justice Laughlin, at
page 71 of 82 App. Div., page 810 of 81 N. Y. Supp., says:

"We think that full force and effect may be given to this legislation by
confining the inquiry in the main, if not exclusively, to facts and circum-
stances tending to show a change in the fortune, income, or necessities or
requirements of the parties since the granting of the decree."

The decree entered in this action was in complete accord with this
construction of the statute.   It provides:

"That in case the said plaintiff  *  *  *  shall survive the said defend-
ant,  *  *  *  or any other event shall occur materially changing the cir-
cumstances of said parties or either of them, an application may be made on
the foot of this judgment, by any party in interest, for such modification of
the said judgment, touching the said allowance for support, as may be just."

The question presented on this motion is simply, has there been
such change since the granting of the decree as justifies a reduction
of alimony?   From the filed papers and evidence before me I find
the following facts:   The decree awarded plaintiff $2,700 per an-
num, in monthly installments of $225.   At the time of the decree
the defendant was employed as a fruit auctioneer at a salary of
$4,200 and 10 per cent. of the net profits of the company, after pay-
ment of certain dividends on capital stock.   From 1896 to the time
of the decree defendant's salary and profits had averaged $6,030.24
per annum.   On the faith of profits in 1899 he had borrowed $600.
He had no real or personal property, having been recently discharged

in bankruptcy. Since the decree his average income has been $7,398.08 per annum. 1899 was a poor business year, and no profits above salary were paid, but with that exception his income increased from $4,200 in 1896 to $9,263.64 in 1902. In 1901 and 1902 he received a bonus, in addition to salary and profits. In 1902 his salary was increased from $4,200 to $6,600 per annum. In 1903 his income was $7,159.09, more by over $1,000 than the average for the years prior to the divorce decree. Both before and since the divorce defendant has had periods of ill health and loss of voice, and recently he has suffered from a fistula, but his earning capacity is clearly unimpaired. His necessary expenses are not more than they were, save as they have been increased by reason of his remarriage in violation of the decree. The divorce referee disregarded the plaintiff's testimony, which included her testimony as to the condition of her property, deeming her testimony inadmissible under section 831 of the Code, but from the evidence taken on this reference it appears that plaintiff, prior to the divorce, mortgaged her separate estate for defendant's benefit. Her California real estate was mortgaged for $15,000, and subsequently pledged as security for a $50,000 bond issue, $22,000 of which was in addition to the $15,000 raised on mortgage turned over to defendant. This $37,000 was entered in defendant's bankruptcy schedules as "obligations incurred by her at petitioner's request and for his benefit." As partial security for advances, plaintiff received certain shares of stock in the Goodsell Company, admitted to have only nominal value at present, and a house and lot in Connecticut mortgaged for $5,000. Since the divorce decree the mortgages have been foreclosed. Now, plaintiff has no property of any kind nor means of support, except the alimony awarded. She has no one dependent upon her, or upon whom she can depend for support. Her father and mother are both deceased, and no persons are known from whom she will inherit property. It is obvious that, on the evidence already stated, the alimony awarded should not be reduced unless there has been other material change in the condition of the parties. The referee reports several grounds upon which he recommends a reduction of more than one-half the alimony awarded. He finds that plaintiff was extravagant in her married life. If material, that question was only material as to the amount of alimony awarded by the decree. Defendant was at liberty to raise that question then; he did not do so, and may not raise it now. One of the chief grounds for the referee's recommendation of reduction is the lapse of an insurance policy. The divorce referee, in his report in 1899, stated:

"It is apparent that, when a decree shall be entered herein, the defendant's inducement to keep up the payment of the premiums upon the insurance upon his life for the benefit of the plaintiff will be gone, and, if kept up, the payments will have to be made by the plaintiff, which will materially diminish any allowance which the testimony seems to justify; hence I have fixed the amount of the alimony in reference to that situation."

The policy referred to was for $25,000. Defendant had borrowed some $3,000 on the policy, and interest was due. There was also

another policy for $2,000. The premiums and interest have not been paid since the divorce, and the policies have lapsed. The referee herein states as his opinion that the sum of $840, which he finds should have been paid to keep up the policies by the plaintiff, should be deducted from the alimony awarded, and is of opinion that such was the intention of the divorce referee. Plaintiff prays that, if there be any question as to the meaning of this paragraph, the divorce referee be directed to make further findings. This, if permissible, is unnecessary. It is clear that the divorce referee reported the alimony awarded as sufficient to enable plaintiff to retain the benefit of the insurance already existing in her favor. But no obligation was imposed upon her to keep up the payment of premiums. She certainly was at liberty to invest her income in other ways if she thought best. The lapsing of the insurance was her loss, not that of the defendant. Moreover, it appears that a large part of the alimony awarded has not been paid, although plaintiff has brought appropriate proceedings to enforce payment, the determination of which have been postponed because this reference was pending. Another ground reported in support of the reduction recommended is that defendant, since the divorce decree, has voluntarily undertaken to pay, or paid, certain claims existing before the divorce. These claims were not legal liabilities, the same having been discharged either by the bankruptcy proceedings or by voluntary releases, but defendant considered them moral obligations. The argument is not well made, for several reasons: First. The defendant at the time of the divorce decree stated the amount of his debts and the claims he felt morally bound to pay. "The decree is an adjudication of the facts bearing on the plaintiff's right to alimony which were litigated and those which might have been litigated as well." Goodsell v. Goodsell, 82 App. Div. 65, 69, 81 N. Y. Supp. 806, and cases cited. The defendant may not now obtain a reduction by reason of claims then existent. Second. The defendant may not charge plaintiff with debts discharged in bankruptcy before the divorce. Plaintiff's alimony became a vested right before these claims were paid or payments promised. Defendant may not take from plaintiff money due her under a valid existing decree to satisfy his generosity; he must be just before he is generous. Third. There has been no attempt by defendant to revive the debt of $15,000 for money borrowed from plaintiff and which was discharged in bankruptcy. It would be inequitable to reduce her alimony because of preference shown to other creditors. The expenses of this reference were made chargeable to defendant as a condition on granting the order. Such expenditure is not to be deducted from alimony. Neither is the loss in stock speculation of money earned and applicable to unpaid alimony. Whether or not the divorce decree gave a proper sum as alimony under the circumstances then shown, that question is not before this court upon this motion. Had the defendant desired, he could have appealed from the decree. There have been presented on this reference no facts and circumstances tending to show such change in the fortune.

income, or necessities or requirements of the parties since the granting of the decree as to warrant a reduction of the alimony awarded.

Motion to reopen the reference denied. Motion to reduce alimony denied, with $10 costs.

Ordered accordingly.