J. W. ELLINGTON, plaintiff in error, vs. LUCIUS C. COLEMAN, defendant in error.

Whether the verdict was contrary to evidence, will not be inquired into, where there was no motion for a new trial in the Court below.

Complaint. In Lincoln Superior Court. Tried before Judge W. M. REESE. November Adjourned Term, 1865.

This was an action by the plaintiff in error against the defendant on the following receipt: "Received of S. Stewart, for J. W. Ellington, one box of tobacco, 104 lbs., a 35 cents per pound; and 2 do., 202 lbs., a 28 cts. per pound; and 3 boxes, 303 lbs., a 18 cets per pound—to be paid for, or returned when called for if not sold. Decr. 14, 1859.

L. C. COLEMAN."

It was admitted that one of the boxes had been sold; and for the value thereof the plaintiff, at the trial of the case, obtained a verdict.

As to the other boxes, the defendant admitted that he had,

on demand made prior to the institution of the suit, refused to pay for them. His defence was, that they were consumed by fire, in March, 1860, without his fault, and the evidence introduced by him at the trial tended to establish the fact.

The plaintiff, however, insisted that the defendant purchased the tobacco absolutely ; and to this point he introduced the evidence of a witness, who stated that shortly before December 25th, 1859, he heard a conversation between defendant and Stewart, the agent of plaintiff, in which the former said he had bought the tobacco, and for the purpose of peddling it out.

The Court charged the jury, as to this testimony, that if it referred to the receipt sued on, and the defendant was referring to that receipt, his admission should not be considered as proof of a sale, the legal effect of the paper not being such as to make him a purchaser ; that the jury were at liberty, in testing this question, (to ascertain what defendant referred to), to consider the time of the admission—between the 14th and 25th of December, 1859—certainly within a short time after the receipt was given.

There was more in the charge, but this was the part least favorable to the plaintiff; and the jury were told, in conclusion, at the request of plaintiff's counsel, that under the contract in evidence, the defendant had a right to consider it a sale, and if he afterwards so considered it, then the tobacco became his, and he became responsible to the plaintiff for the stipulated price, and its subsequent destruction by fire would not affect his liability.

The bill of exceptions, after setting out the entire charge, says, " whereupon counsel for plaintiff excepts"—there was no motion made for a new trial.


STROTHER, for plaintiff in error.


LANG, for defendant.

Harris, J.

This case was fairly submitted to the jury—the law properly given in charge; and the jury have passed upon the testimony, as was their right. It is not within our competency to set their verdict aside as being contrary to evidence, in consequence of the shape in which the matter is presented.

There was no motion for a new trial. Had such a motion been made and overruled, and the decison, accompanied by the testimony, been embodied in the bill of exceptions, we then could have reviewed the finding of the jury, and determined whether it was against evidence or not.

Judgment affirmed.