SHORTER, guardian, *vs.* WILLIAMS.

Where application was made for the guardianship of certain minors in the county where their father had lived and died, and where they were then domiciled, the court of ordinary thereby acquired jurisdiction to hear, determine and grant letters of guardianship for their persons and property; and this jurisdiction could not be divested or rendered nugatory by the removal of the minors to the state of Alabama by their sister, and the grant of letters of guardianship to another by the probate court of that state, pending the application in Georgia.

February 24, 1885.

Guardian and Ward. Jurisdiction. Courts. Comity of States. Before Judge FORT. Sumter Superior Court. April Term, 1884.

Reported in the decision.

HENRY R. SHORTER, *in propria persona;* E. G. SIMMONS; D. A. VASON, for plaintiff in error.

L. L. ALBRITTON; GUERRY & SON, for defendant.

BLANDFORD, Justice.

Martin Burke departed this life, being at the time of his death a resident of the county of Sumter, leaving two children, Charles and Leonora Burke, who were infants, aged respectively seven and nine years. C. M. Williams applied to the court of ordinary of Sumter for letters of guardianship for the persons and property of said infants, and at the time of said application, said infants were domiciled in Sumter county. After this application by Williams for such guardianship, and before the same was heard, Mrs. Brown, an older sister of the infants, removed them to Eufaula, state of Alabama, where she resided. When the application in behalf of Williams came on to be heard before the ordinary of Sumter county, Henry R. Shorter appeared and showed for cause why the letters of guard-

ianship should not be granted to Williams; that at the time of the hearing, the infants were domiciled in the state of Alabama, and that letters of guardianship had been granted to him, Shorter, of the persons and property of said minors by the proper court in that state. The ordinary overruled the objections of Shorter, and granted letters of guardianship to Williams. Shorter prosecuted an appeal to the superior court from the judgment of the ordinary. On the trial of the appeal before the superior court, the jury, by their verdict, found for Williams, and judgment was rendered thereon in his favor. Shorter moved the court for a new trial, on several grounds, which was overruled by the court, and this writ of error is prosecuted to this court to review and reverse this ruling.

It is not necessary to consider the many exceptions in this case, as we think that the verdict of the jury is demanded by the evidence. When the application for guardianship was made by Williams, the minors were domiciled in Sumter county, the county where their father lived and died. This conferred on the court of ordinary jurisdiction to hear, determine and grant letters of guardianship for the persons and property of the minors. This jurisdiction, thus acquired by that court, could not be divested or rendered nugatory by the removal of the minors to the state of Alabama by their sister; and the grant of letters of guardianship by the probate court of Bulloch county, Alabama, to Henry R. Shorter, of the persons and property of these children, after the court of ordinary of Sumter county had acquired jurisdiction by the filing of the application by Williams in that court, would not deprive the court of its jurisdiction and powers thus acquired.

Argument or demonstration is unnecessary, as we think that the propositions thus announced are self-evident.

Judgment affirmed.