JEFFERIES v. ALLEN.

Pending an appeal from a decree which refused dower demanded by a widow, the lands in which the dower was claimed were sold under this decree, there being no exception to the directions as to sale nor objection made when the sale was had. The appeal was sustained and the widow's right to dower affirmed. A writ in dower was then issued under order of the court, which disregarding the requirements of the law as to such writs, directed the commissioners not to set off dower in kind in the lands which had been sold, but to appraise the value of such lands. *Held*, that this order, and the writ issued in pursuance thereof, and all proceedings thereunder, were erroneous.

Before HUDSON, J., Spartanburg, April, 1889.

Action by John R. Jefferies and E. Allen, as executors of Woodward Allen, deceased, against Harriet Allen and others. The only point decided arose under the order of the Circuit Judge, which, together with all other matters necessary to an understanding of the case, are fully stated in the opinion of this court.

*Messrs. C. P. Sanders* and *D. E. Hydrick*, for appellant.

*Messrs. Nicholls & Moore*, contra.

July 8, 1890. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This case has been in this court before (see 29 S. C., 506), where the facts are fully stated and the rights of the parties determined. Judge Pressley on the Circuit, among other things, held that Mrs. Harriet Allen was not entitled

to either homestead or dower in the lands of her late husband, Woodward Allen, and ordered the lands sold for the purposes indicated in the complaint, and. after being divided into six distinct parcels, four of the parcels were sold and purchased as follows, viz.: 1. One parcel, 72 acres, by W. F. Walker, at $800. 2. Another parcel, 88 acres, by R. C. Oliver, at $690. 3. Another, 87 acres, by R. C. Oliver, at $1,135. 4. Another, 81 acres, by R. C. Oliver, at $841.66. These sales were publicly made under order of court, and without objection at the time. In the meantime there was an appeal from the order of Judge Pressley as to the rights of the parties, but it seems there was none as to so much of the order as directed the sale. At the April term of this court (1888) it was decided that Mrs. Allen was "entitled to dower in all of the lands of her husband mentioned in the pleadings, and also homestead, and the case was remanded."

When the case went back, Judge Hudson finding that, pending the appeal, four parcels of the land had been sold, leaving two unsold, passed an order for the admeasurement of Mrs. Allen's dower in the following terms: "That a writ of dower issue in the usual form and according to the practice of this court, to admeasure and set off dower in the aforesaid real estate of Woodward Allen, deceased, both sold and unsold. Provided, however, that dower shall not now be admeasured or set off in the aforesaid 82 acres of land [not involved here]. but the writ of dower therein shall be delayed until the further order of this court; and provided further, that no dower in kind shall be set off and admeasured to Harriet Allen from any of the lands already sold under the previous decree of this court. The object is to include in the valuation of dower set off to Mrs. Allen all that she is entitled to for dower in the lands already sold, and of lands unsold except the eighty-two acre tract," &c. The defendant, Oliver, excepted to this order and gave notice of appeal..

The writ, however, was issued in the form prescribed, and the commissioners (or a majority of them) made a return, finding that it was impossible, in accordance with the writ, to set off dower in kind, and therefore they valued the lands at the sum of $5,-875 (about $14 per acre), of which one-sixth, with interest from

April 3, 1880, viz., the sum of $1,609.17, was assigned in lieu of dower, &c. Objections were made to the confirmation of this return as being excessive in amount, and that one of the commissioners, W. W. Harris, was nearly related to the demandant— his mother being first cousin of Harriet Allen. Judge Fraser, after hearing affidavits and argument *pro* and *con*, confirmed the return.

Mr. Oliver appealed from the order of Judge Hudson upon the following grounds (the two first exceptions were abandoned) : "3. In ruling and holding that a writ in dower should issue to admeasure dower to Mrs. Allen from the real estate of Woodward Allen, deceased, both sold and unsold. 4. In not ruling and holding that one sixth of the money realized from that portion of the land sold under an order of court in these proceedings, with interest thereon, be paid Mrs. Allen in lieu of dower in said portion of the land. 5. In ruling and holding that no dower in kind shall be set off and admeasured to Harriet Allen from any of the land already sold under a previous order of this court. 6. In not at least leaving the commissioners free to say whether or not dower in kind could be set off from the land bought by the defendant, Oliver. 7. In ordering and directing that the writ in dower should issue in the usual form and according to the practice of this court to admeasure and set off dower to Harriet Allen in all the lands of Woodward Allen, deceased, both sold and unsold, and at the same time limiting their powers so as to prevent their admeasuring and setting off dower in kind from any of the land already sold under a previous order of this court in these proceedings. 8. In ruling and holding that Mrs. Allen is entitled to dower in all of the land belonging to the estate of Woodward Allen, deceased. 9. In not at least ruling and holding that dower could only be allowed in that portion of the land belonging to the estate of Woodward Allen, deceased, remaining after the homestead of Mrs. Allen had been appraised and set off to her."

The exceptions to the order of Judge Fraser confirming the return of the commissioners in dower are long and numerous, and being printed in the "Brief," need not be restated here.

At the common law, dower was defined to be "that portion of

lands which a wife hath for the term of her life of the lands of her husband after his decease." But in our State statutes have been passed authorizing, in certain cases, a sum of money to be assessed in lieu of her dower. Commissioners are appointed for the purpose of admeasuring the dower, and the law requires that the tenor of the writ should be as follows: "Commanding them, or a majority of them, fairly, justly, and impartially, according to the best of their judgment, to admeasure and mete out to the petitioner and put her in full and peaceable possession of one-third part of all the lands of her deceased husband. * * * And when the same cannot, in the opinion of a majority of them, be fairly and equally divided, without manifest disadvantage, they, or a majority of them as aforesaid, shall assess a sum of money to be paid to the widow in lieu of her dower," &c. · Gen. Stat., §§ 2285–8.

Now, it is manifest that the writ in this case was not in accordance with the requirements of the law, for as to the four parcels which had been previously sold, the commissioners were shorn of the first and primary duty under the law, viz., to admeasure and mete out to demandant in kind one third of the lands of her deceased husband, or to exercise · their judgment as to whether the lands could be fairly and equally divided, without manifest disadvantage, &c. The writ positively directed "that no dower in kind shall be set off and admeasured to Harriet Allen from any of the lands already sold under the previous decree of the court." We cannot say that this was really a writ for the admeasurement of dower, for it did not leave the commissioners at liberty to perform their whole duty as required by law. "In admeasurement of dower to the widow in premises of which the husband has died seized and possessed, assessment is only an alternative in the event that the lands cannot be fairly and equally divided, having relation to the true value thereof." *Gibson* v. *Marshall*, 6 Rich. Eq., 213.

It is urged, however, by way of explanation, that the four parcels of land having been sold under an order of court, in a case to which the demandant was a party, she could not afterwards follow those lands and have one-third of them admeasured to her in kind. We think that must depend largely upon the force and

effect of that sale upon the dower right of Mrs. Allen. It seems that she claimed dower in the pleadings; that the Circuit Judge denied her right, and she appealed, asserting her right, but did not appeal specifically from that portion of the decree which ordered a sale of the lands, nor object when the lands were offered for sale. Her appeal, however, was pending, and being finally decided in her favor, she demanded her dower. As to her dower right, was Mrs. Allen bound by that intermediate sale? See *McLaurin* v. *Rion*, 24 S. C., 410. If by not staying the sale, or by not objecting to it, when the lands were offered for sale, Mrs. Allen, a party to the suit, was bound by that sale, we think, according to the practice in this State, her right of dower in the four parcels was transferred from the property itself to the fund produced by the sale, and as to those parcels there was no necessity for a writ of dower. *Stewart* v. *Pearson*, 4 S. C., 7, and *Lanier* v. *Griffin*, 11 *Id.*, 538. In the case of Stewart, Chief Justice Moses said: "The appellants, in making no opposition to the sale which had been ordered by the court, and in no way objecting to its confirmation, must be deemed to have accepted the purchase money as in fact representing the land itself. Their own conduct, by the strongest implication, admitted that the 'land could not be fairly and equally divided;' and when they rested satisfied with the price it had brought at the sale ordered by the court, they must be held to have accepted it as its full value, exactly as if ascertained by pursuing all the formalities prescribed by the statute. Before a conclusion could be had as to the estimate in money of the dower, it was necessary to find the value of the whole land, and this was done probably in a more satisfactory manner by a sale than if obtained merely through the opinion of the commissioners," &c.

It seems to us that it produces confusion to regard Mrs. Allen as partly bound by the sale and partly not. She was either bound or not bound. If she was not bound, then, as it seems to us, the writ should have issued in the form prescribed by law, without regard to the intermediate sale. If she was bound, then her right was transferred to the purchase money, of which, according to long settled practice in this State, she was entitled to one-sixth, without any writ of dower as to the parcels previously sold.

In either view, we think the writ of dower, in the form in which it was issued, was irregular and erroneous, and that all the proceedings under it must be set aside.

This mades it unnecessary to consider the grounds of appeal from the order of Judge Fraser confirming the return of the commissioners.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded for such proceedings as may be deemed necessary to carry out the conclusions herein announced.

MR. CHIEF JUSTICE SIMPSON and MR. JUSTICE McIVER concurred in the result.