ANNETTE B. WETMORE, now ANNETTE B. MARKOE, Respondent, *v.* WILLIAM BOERUM WETMORE, Appellant, Impleaded with Others.

1. APPEAL — REVIEW OF FINAL ORDER OR FINAL JUDGMENT AS TO ALIMONY. A reversal by the Appellate Division of an order of the Special Term, granting an application to modify a decree for alimony by reducing the amount, is reviewable by the Court of Appeals, since it is either a final order in a special proceeding or a final judgment in an action.

2. REVERSAL NOT STATED TO BE UPON THE FACTS. An order of the Appellate Division reversing a decision on a motion to reduce an award for alimony must be presumed by the Court of Appeals, under section 1338 of the Code of Civil Procedure, to have been made upon the law, where the order does not contain any statement that the reversal was upon the facts.

3. TRUST — INCOME DEVOTED TO SUPPORT OF WIFE OF BENEFICIARY — EFFECT OF DIVORCE AND SECOND MARRIAGE. The income of a trust fund created by will for the benefit of testator's son cannot be devoted to the support of his wife, under a decree for alimony, after an absolute divorce in her favor, when she marries again and her husband's ability to support her is unquestionable.

*Wetmore* v. *Wetmore*, 44 App. Div. 220, reversed.

(Argued February 28, 1900; decided April 17, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made November 14, 1899, reversing an order of Special Term, made at the foot of a judgment, granting defendant's motion to permit him to share in the income of a trust fund created by the will

| | |
|---|---|
| 162 | 503 |
| f164 | 354 |
| 162 | 503 |
| f165 | 312 |
| 162 | 503 |
| 169 | 2440 |
| 162 | 503 |
| f173 | 1379 |
| j173 | 2395 |

of his father, permission to so apply having been granted by the Court of Appeals, and denying a motion to amend the judgment accordingly.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Thomas P. Wickes* for appellant. The leave granted by the Court of Appeals to make this application was given without any condition whatever. (149 N. Y. 531.) The defendant's necessities require the appropriation of a portion of the income of the trust fund to his support. (*Francis* v. *Porter*, 88 Hun, 325.) Even if the defendant's present circumstances are not to be taken as admitted upon the pleadings, competent legal proof was offered by the adjudication of his bankruptcy and the sworn schedules accompanying his application. (*Michaels* v. *Post*, 21 Wall. 398; *Chapman* v. *Brewer*, 114 U. S. 158; *Shawnan* v. *Wherritt*, 7 How. [U. S.] 627; *Matter of Van Orden*, 96 Fed. Rep. 86; *Halsted* v. *Halsted*, 21 App. Div. 466.) The conclusions of the referee were not binding upon the court. (*Marshall* v. *Meech*, 51 N. Y. 140; *Martin* v. *Hodges*, 45 Hun, 38; 2 Rumsey's Pr. 376.) The law of the case was correctly laid down and followed in the decision of the court at the Special Term. (*Wetmore* v. *Wetmore*, 28 N. Y. Supp. 377; *Wetmore* v. *Wetmore*, 79 Hun, 268; *Wetmore* v. *Wetmore*, 149 N. Y. 520; *Wetmore* v. *Wetmore*, 29 App. Div. 507; *Continental Trust Co.* v. *Wetmore*, 67 Hun, 9; *Bertles* v. *Nunan*, 92 N. Y. 152; *Moulton* v. *de ma Carty*, 6 Robt. 533.) This action is in equity to apportion a fund of which equity has sole jurisdiction. It is not an action in which the defendant can be punished for his alleged misdoings in the past. (*Moulton* v. *de ma Carty*, 6 Robt. 533; *Hann* v. *Vorhees*, 1 Law Bull. 65; *Stow* v. *Chapin*, 21 N. Y. S. R. 38; *Nichols* v. *Eaton*, 91 U. S. 727.)

*Flamen B. Candler* for respondent. The order appealed from is not an order which finally determines the action or a

special proceeding, or one which grants a new trial, and as the Appellate Division of the Supreme Court has not allowed the appeal or certified any question of law for review the order is not open for review in this court, and the appeal should be dismissed. (Code Civ. Pro. §·191.) The court should not grant any relief to the defendant William B. Wetmore until he shall return to this state and submit himself to the jurisdiction of the court and purge himself from his contempt in not complying with the judgment of divorce when he was able to do so. ( *Wetmore* v. *Wetmore,* 79 Hun, 274.) No relief should have been granted to the appellant because he had not complied with the conditions on which he was permitted to renew his motion. ( *Wetmore* v. *Wetmore,* 29 App. Div. 512.) The trial having been had before the referee, as directed by the order of the Appellate Division, and he having reported that the appellant was not entitled to any relief or to share in the income of the trust property, the plaintiff was entitled to a judgment on the report of the referee in accordance therewith. (*Paget* v. *Melcher,* 26 App. Div. 12; *Wetmore* v. *Wetmore,* 29 App. Div. 507.)

O'BRIEN, J. The record in this case is the concluding part of the history of a long and bitter controversy between husband and wife. The appeal is from an order of the court below reversing an order of the Special Term, which modified the last judgment entered, with respect to the payment of alimony by the defendant to the plaintiff. In order to get a clear view of the questions involved, it will be necessary to recall briefly the history of the litigation.

In April, 1892, the plaintiff obtained an absolute divorce from the defendant, dissolving the marriage and awarding to her the custody of the three children and alimony of $3,000 per annum for her own use, and $3,000 more per annum for the support of her children. The defendant failed to pay the alimony and went to reside in another state, remaining out of the jurisdiction of the courts of this state  The defendant's father, who died in 1885, made a provision by will for the

benefit of his son, whereby a fund of $100,000 was created, the net income of which was to be paid to the defendant during his life. The plaintiff brought another action to which the trustee of the fund was made a party, for the purpose of procuring a judgment appropriating the income of the trust to the payment of the alimony accrued or to accrue. In this action she was successful, and the judgment in her favor was finally affirmed in this court. (149 N. Y. 520.) But as the judgment devoted the whole income of a trust for the defendant's benefit to the payment of the plaintiff's alimony, this court modified it by giving permission to the defendant to apply at any time in the future for leave to share in the income, or to have the award of alimony modified or reduced by a proper provision at the foot of the decree in the action. Since the entry of that judgment the income of the trust has been paid to the plaintiff. The decision of this court in that regard was based upon the assumption that the circumstances of the parties might be so changed in the future as to render it inequitable for the wife to absorb the entire income of the trust.

The defendant insists that this contingency has now happened, and this proceeding now before us was commenced to meet it. The defendant applied to the court below at Special Term for a modification of the judgment which appropriated the income of the trust to the payment of the plaintiff's alimony. In his affidavit bearing date July 11th, 1896, the history of the litigation is stated with considerable detail. There were two facts stated, however, that had a direct bearing on the application, namely, that he was then possessed of no property of any substantial value, and was without means of support, since the income of the trust had been diverted to the use of the plaintiff and the children, and that the plaintiff was not in need of the income for the reason that she had married a man of means, and was then on a visit to Europe with her new husband and the children. The defendant was then forty-six years of age, without a profession or any business capacity, he having graduated from West Point and

spent his early life in the army.   The court was requested to
modify the judgment by reducing the allowance of alimony
payable from the income of the trust to the $3,000 awarded
to the children, and providing for the payment of the balance,
if any, to the defendant for his support.

The plaintiff, by her counsel, opposed the application in an
affidavit recalling at considerable length what had appeared
previously in the course of the litigation in regard to the
defendant's pecuniary condition.   The defendant's applica-
tion was denied at the Special Term, but on appeal the order
was reversed and the case remanded to the Special Term for
another hearing.   The appellate court appointed a referee to
take the proofs and report the same to the court at Special
Term, with his opinion.   The order of reversal also directed
the referee to treat the affidavits used on the previous motion
as in the nature of pleadings and as a supplemental applica-
tion to modify the judgment.   It was said in the opinion that
while the absolute denial of the motion was improper, it
should not be granted upon affidavits without a trial of the
issue where the witnesses must appear before the referee and
submit to examination and cross-examination. (29 App.
Div. 507.)

The referee made his report to the court, in which he
found, among other things, that the defendant had been
adjudicated a bankrupt in one of the district courts of the
United States on the 13th of January, 1899 ; that the plain-
tiff, on November 22, 1894, was married to Dr. Markoe, of
New York, who was in receipt of an income of about $6,000
per annum ; that the defendant had failed to appear before
him for examination as to the facts stated in the affidavit, and
that his application to share in the income of the trust fund
should be denied.   When the report was submitted to the
Special Term it was treated as advisory merely, and not as
conclusive, and the learned judge proceeded to examine the
testimony and determine the facts, treating the affidavits as
pleadings in an action upon an issue of fact wherein the
allegations on each side not denied by the other side were

deemed to be admitted. It appeared from the proceedings reported by the referee that the defendant's counsel at the hearing offered to produce the defendant for examination and cross-examination if the plaintiff's attorney would stipulate that no attempt would be made to arrest him for non-payment of alimony or disobedience of the decree while in attendance, or in going to and returning from the place of the hearing; but the plaintiff's attorney distinctly refused to enter into any such stipulation.

The court was of the opinion that the omission of the defendant under these circumstances to appear for examination before the referee was not conclusive against the application; that while the plaintiff was under no obligation to enter into any such stipulation, yet it could not have deprived her of any advantage which she otherwise had, and that her refusal to make it, coupled with the absence of any denial of the defendant's statements as to his present financial condition, warranted the conclusion that she believed that a cross-examination of the defendant would not tend to disprove the allegations of his affidavit as to his financial condition. After a careful examination of the referee's report and the testimony contained in it, and of the moving and opposing affidavits, treating them as in the nature of pleadings, the Special Term granted the application, and determined that the judgment should be modified by reducing the amount to be paid from the income of the trust fund to $3,000 for the children alone. The learned Appellate Division reversed this order upon the plaintiff's appeal, and it is from this order of reversal that the present appeal to this court was taken.

The learned counsel for the plaintiff insists that this court has no power to review the order. It certainly has if it is a final order in a special proceeding. Whatever it may be called, it is clear that it is a final determination of the proceeding, since it not only reversed the order of the Special Term, but denied the application. It was a proceeding instituted in pursuance of the provisions of the judgment in the action to sequester the income of the trust fund, based upon affidavits

on both sides that by the order of the court were given, in some sense at least, the effect of pleadings. The facts were the subject of a reference, and a report to the court upon which the order was made that has been reversed. It seems to me that the objection that it was not a special proceeding is without force. But if it was not a special proceeding, then it must have been a proceeding in an action, supplemental in character, to modify the judgment by provisions at the foot of the decree. If so, the final determination was a judgment, since it finally determined the rights of the parties. So that it must be either a final order in a special proceeding or a final judgment in an action. It is not very material to determine which, since either or both are appealable to this court.

Assuming, therefore, that we are required to review this order, it must be admitted that the Special Term had full power and jurisdiction to make the order that it did, granting the application. The motion called for the exercise of discretion upon the facts. The learned Appellate Division had power to reverse the order upon the facts and in its discretion deny the application. But, since the order does not contain any statement that the reversal was upon the facts or in the exercise of discretion, this court is required to presume that it was upon the law. (Code, § 1338.) So we must look at the order and proceedings of the Special Term for some error of law in order to sustain the reversal. It is quite obvious that there was no question of law before that court except the one hereafter considered but not referred to in either of the courts below. The questions actually considered were all questions of fact or of discretion. The decision of these questions was open to review on appeal, but the statute requires this court to presume that they were not reviewed, but that the reversal was upon some question of law.

The opinion of the learned court below indicates very clearly that it was convinced that the application should not be granted until the defendant returned from another state to the jurisdiction of the court and submitted to examination and cross-examination. The fact that the defendant has been

and is in contempt of the authority of the .court has been a potent argument against him in this litigation, and, if this court had any discretion in the case before us, we would feel inclined to uphold the court below, within the limits of its power, in the enforcement of its authority and the defense of its own dignity.   It is clear, however, that we must find some legal error in the decision of the Special Term before we can sustain the order appealed from, and obviously none can be pointed out.

But we think the record presents a question much broader and more important than any statutory rule for the disposition of appeals by this court, and, while it is a question of law, it tends to sustain the Special Term instead of the order appealed from.   The judgment in this case appropriated the income of a testamentary trust made for the support of the defendant to the use of his wife and children after an absolute divorce.   The defendant resisted the proceeding on the ground that what was proposed amounted to a violation of the terms and the purpose of the trust in his father's will.   When the discussion of that question in this court and in the courts below is examined, it will be seen that the defendant's contention was answered by arguments based upon the unity of husband and wife and the obligation of the husband to support her and his children.   While the defendant, by his misconduct, was adjudged to have forfeited all the rights growing out of that relation, the wife and children being innocent, still retained them all.   It was said, in substance, that the testator, in constituting a trust for the benefit of his son, must have contemplated that it should also be for the benefit of his wife, should he marry, and his children, should any result from the marriage.   This, we thought, was a reasonable and just view of the question presented.   The plaintiff had not then contracted another marriage, or if she had, the record before the court did not disclose that fact.   If the same facts appeared then that appear now, in the record before us, the line of argument in answer to the defendant's contention would have had little application.   The relation of the parties to each other is now

completely changed. The unity of that relation, then existing, has been dissolved. The facts and circumstances upon which the judgment was rendered no longer exist. The question now is not whether the testator, in creating a trust for the benefit of his son, necessarily contemplated that his wife and children should share with him in the enjoyment of the income; but whether the plaintiff, who was once his wife and is now the wife of another man, shall continue in her new relations to share in that income. Unless the courts can, in reason and justice, hold that the testator contemplated such a disposition of his bounty, the income of the fund cannot now be diverted to that purpose without a plain violation of the trust. The protection and enforcement of such trusts, according to the spirit and intention of the founder, is one of the peculiar functions of a court of equity. We are not now concerned with the effect of a second marriage upon a decree awarding alimony generally. The only question we are now dealing with is, when and under what circumstances such alimony can be made a charge upon the income of a testamentary trust created for the benefit of the husband from whom the wife has procured an absolute divorce and remarried. Upon the plaintiff's marriage to her present husband she ceased to be, in any sense, the defendant's wife, and hence the reason upon which her right to share in the income of the trust rested ceased also. In contracting that marriage she became the wife of another man who, as it appears from the record, is abundantly able to support her. The contingency contemplated by this court, in modifying the judgment, has, therefore, happened, and after the second marriage the courts cannot devote the income of the trust fund to her support without diverting it to a purpose that could not have been contemplated by the testator.

Some incongruous results frequently follow with respect to alimony and property rights when the wife procures an absolute divorce from the husband, and it may be possible that, under certain circumstances and conditions, the wife may be entitled to support from two husbands at the same time.

But however that may be, we think that upon a second marriage of the wife to a husband whose ability to support her is unquestionable she ceases to have any claim in law or equity to the income of a trust fund created by will for a very different purpose.

For these reasons we are of opinion that the order appealed from should be reversed, and that of the Special Term affirmed, without costs to either party.

BARTLETT, J. (dissenting).    We have here a defendant who is in flagrant contempt of the Supreme Court, and under its well-settled rule is entitled to no hearing or relief until he places himself in a proper attitude to ask it.

The order appealed from is not reviewable upon the facts in this court, for the technical reason that it does not state the reversal of the order of the Special Term was upon the facts as well as the law.

While it is true that we will not look into the opinion of the court below to ascertain whether the reversal was on the facts, nevertheless it is the practice of this court, in exceptional cases, to hold the appeal and permit the appellant to apply to the court granting the order to amend it, so as to show that the reversal was on the facts as well as the law, if such be the case.

I think the present appeal presents a very clear exception to our general rule, and that this order should be amended, as the opinion of the Appellate Division shows that the reversal was upon the facts, and for the additional reason that the requirement of the court respecting proof to be made before the referee of the changed condition of the defendant's circumstances was not complied with in any sense, " either technically or in spirit," as stated in opinion below.

The question as to what extent the income of a trust, created for the husband's benefit, can be devoted to the payment of alimony due from him to his divorced wife, after her second marriage, was not considered by the Special Term or the Appellate Division, and has not been argued at our bar.

A question of such importance, so far-reaching in its results, ought not to be determined without full argument and careful consideration. I am also of opinion that we should aid the Supreme Court in enforcing obedience to its mandates and vindicating its authority.

PARKER, Ch. J., HAIGHT, VANN and LANDON, JJ., concur with O'BRIEN, J., for reversal; BARTLETT, J., reads dissenting memorandum, and MARTIN, J., concurs.

Order reversed, etc.