### 10593. BROWN v. BROWN.

JENKINS, P. J. The transfer of this case to this court by the Supreme Court is equivalent to a holding by the Supreme Court that it is one at law, not in equity. Marion Pilcher Brown, on her own behalf and as the natural guardian for her minor daughter, Laurie Brown, brought suit against the husband, L. K. Brown, asking that a certain decree for alimony for the support of herself and the said minor child, rendered by the chancery court of Hamilton county, Tennessee, be made the judgment of the superior court of Chatham county. The petition alleged, that the defendant had failed and refused to contribute to the support of either the wife or the child, and asked, as the other of its two prayers, that the court by its decree would award and require the payment of proper sums by way of permanent alimony for the support of the wife and child. The defendant demurred to the petition, upon various grounds, one of which was that the petition failed to show jurisdiction in the chancery court of Tennessee to grant the decree here sued on. The defendant filed also a plea denying jurisdiction in the foreign court as to that proceding, and setting up that when that suit was brought in the State of Tennessee, the defendant was a resident of Georgia, and that he had never been served in that proceeding. On the hearing of the demurrer the petitioners in open court expressly abandoned the prayer by which it had been sought to set up in the Georgia court the foreign decree for alimony, and it was also expressly stated that the prayer for permanent alimony as embraced in the original suit was likewise abandoned. This action on the part of the petitioners is recited in the order overruling the demurrers. The allegations setting out the grant of the foreign decree for divorce and alimony were not, however, stricken from the petition. After each of the original prayers had thus been expressly abandoned, the petition was amended, over the defendant's objection, by attaching and praying judgment on an itemized bill of particulars for necessaries alleged to have been furnished by the defendant's wife for the support of the minor child, and the suit thereafter proceded in her name and solely for the recovery of the specific sums thus alleged to have been expended. A verdict for the items of expense thus sued for was rendered against the defendant, and he excepted. *Held:*

1. If it be true, as contended by the defendant in error, that the petition set forth sufficient facts to authorize the court to uphold the validity of the foreign decree for divorce and alimony (see 23 Cyc. 1566, 1567, 1568), then the prayer asking the Georgia court to award permanent alimony was properly and necessarily abandoned, since after a wife obtains a decree of total divorce the marital relation no longer exists, and she can not thereafter maintain an action for alimony. *Joyner* v. *Joyner*, 131 *Ga.* 217 (3), 218 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220).

2. Nor could she, where the petition shows that the former decree for alimony made provision for the support of the minor child, maintain an original action at law to recover necessary expenditures made by her, after such decree, for the support of the child. *Hall* v. *Hall*, 141

*Ga.* 361 (2-*a*) (80 S. E. 992); Civil Code (1910), § 2981. For this reason the amendment setting up such a claim was not permissible.

3. Moreover, under the general law governing pleading, the original proceeding which sought on behalf of the wife and minor child to set up a foreign decree for alimony and to have permanent alimony awarded could not under any view be changed by amendment into a new and distinct action at law on behalf of the wife alone to recover specified sums expended by the wife for the necessary support of the child. Civil Code (1910), § 5683.

*Judgment reversed. Stephens and Smith, JJ., concur.*
DECIDED NOVEMBER 26, 1919.

Action on foreign judgment; from Chatham superior court— Judge Meldrim.  July 1, 1918.

*Robert L. Colding,* for plaintiff in error.

*Robert J. Travis, David S. Atkinson,* contra.