### 11523. HOUSLEY *v.* WAGNER.

BROYLES, C. J. The court did not err in overruling the demurrer to the petition.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 14, 1920.

Action on foreign judgment for alimony; from city court of Savannah — Judge Freeman. March 31, 1920.

The petition describes the plaintiff as "Margie E. Wagner, formerly Margie Ethel Housley," and alleges, that James W. Housley, the defendant, is now a resident of Chatham county, Georgia; that on September 15, 1917, in the district court of Canadian county, State of Oklahoma, the petitioner obtained a judgment against him, a copy of which is attached to the petition, and that he has failed and refused to pay her the amounts due under it for specified months beginning March, 1918, to wit, $50 per month, and is indebted to her in the sum of $1,000, for which she prays judgment. The petition was filed October 20, 1919. In the judgment referred to it is adjudged and decreed that Margie Ethel Housley be granted an absolute divorce from James W. Housley, that she have the custody and control of their minor child, and that she have judgment for alimony in the sum of $50 on the first day of every month thereafter, and that the divorce shall not take effect until the expiration of six months from the date of the judgment.

The defendant demurred on the grounds that the petition fails to set out a cause of action and is insufficient in law, and that it fails to show when and how the plaintiff became Margie Ethel Wagner. In the brief of counsel for Housley it is contended that the general demurrer should have been sustained because it does

not appear that the judgment is entitled to enforcement in this State under the "full faith and credit clause" of the constitution of the United States (art. 4, sec. 1), since it is not shown to be final; that this provision of the constitution does not apply to a judgment or decree that may be modified. It is further contended that the change of the plaintiff's name indicates that she has remarried and is attempting to collect alimony from her former husband while living with and probably supported by a second husband, and that she should allege when she remarried. Opposing counsel contend in their brief that the demurrer is not sufficient to raise the question as to the finality of the judgment.

*Seabrook & Kennedy,* for plaintiff in error, cited: On the first contention: Page *v.* Page, 189 Mass. 85 (75 N. E. 92); *Cureton v. Cureton,* 132 *Ga.* 745 (2); Civil Code (1910), § 2978. As to alimony after remarriage: 14 Cyc. 787; 1 Ruling Case Law, 934, § 80; Id. 950, § 96; 60 Am. Dec. 672, notes; Cohen *v.* Cohen, 150 Calif. 99 (88 Pac. 267, 62 L. R. A. 975, note); Cole *v.* Cole, 142 Ill. 19 (31 N. E. 109, 34 Am. St. R. 56, 19 L. R. A. 811); Wetmore *v.* Wetmore, 162 N. Y. 503 (56 N. E. 997, 48 L. R. A. 666).

*Gignilliat & O'Neal, J. S. Harrison, Morris H. Bernstein,* contra, cited: On the first proposition: Sistare *v.* Sistare, 218 U. S. 1 (28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061); *Coffee* v. *Coffee,* 101 *Ga.* 787; *Woodall* v. *Woodall,* 147 *Ga.* 676; *Wilkins* v. *Wilkins,* 146 *Ga.* 382; *Cureton* v. *Cureton,* supra (distinguished); Stanfield *v.* Stanfield, (Okl., 1917) 168 Pac. 912. As to re-marriage: McGill *v.* McGill, 101 Kans. 324 (166 Pac. 501); King *v.* King, 38 Ohio St. 370; 14 Cyc. 787, and cit.; 1 Ruling Case Law, 950. As to demurrer: *Douglas &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550.