*E. H. George,* contra.

---

### 16608.   GRIFFIN *v.* HARMON.

One who in the proper court of the county of a minor's residence applied for appointment as guardian of the minor could not, when the application and a caveat to it by one who prayed to be appointed guardian were pending, change the minor's domicile so as to divest the court of jurisdiction; and where, pending that proceeding, the applicant took the minor to another State and there applied for guardianship, a judgment of a court of that State appointing him as guardian was void for lack of jurisdiction of the person of the minor; and, even if such a judgment could not be collaterally attacked, the applicant would be estopped from claiming a benefit under it.

The applicant's motion to dismiss his application was properly overruled, the caveator having prayed to be appointed guardian. The proceeding was in the interest of the minor, and not of the applicant for guardianship, and the court was charged with the duty of protecting the minor's interest.

DECIDED FEBRUARY 13, 1926.

Certiorari; from Richmond superior court—Judge A. L. Franklin. May 27, 1925.

*Burnett & Burnett, Samuel F. Garlington,* for plaintiff.

*West & West, Hammond & Kennedy,* for defendant.

JENKINS, P. J.   1. This case is controlled by the ruling of the Supreme Court in *Shorter* v. *Williams,* 74 *Ga.* 539, where it was held that "Where application was made for the guardianship of

---

Domicile, 19 C. J. p. 412, n. 36.

Estoppel, 21 C. J. p. 1232, n. 98.

Guardian and Ward, 28 C. J. p. 1068, n. 70, 71; p. 1087, n. 4 New.

Judgment, 34 C. J. p. 1138, n. 57; p. 1140, n. 60.

certain minors in the county where their father had lived and died, and where they were then domiciled, the court of ordinary thereby acquired jurisdiction to hear, determine, and grant letters of guardianship for their persons and property; and this jurisdiction could not be divested or rendered nugatory by the removal of the minors to the state of Alabama by their sister, and the grant of letters of guardianship to another by the probate court of that state, pending the application in Georgia." Accordingly, where, as in the instant case, an application for letters of guardianship has been made in the proper court of the county of the minor's residence, and where after citation thereon has been issued and published and a caveat to the application has been filed, objecting to the appointment of the petitioner thereon and also affirmatively praying that the caveator herself be appointed as guardian under the proceeding thus instituted, the applicant can not change the domicile of the minor while his application and the caveat are pending, and in this way divest the court of its jurisdiction. Consequently, in the trial of such a proceeding, a judgment rendered in a proceeding subsequently instituted in a court of a foreign jurisdiction into which the minor had been physically removed by the applicant, pending the hearing of his original application and the caveat in the court of the minor's residence, was properly held to be void for lack of jurisdiction of the person of the minor. The place of the minor's domicile having been fixed by the residence of the minor's last surviving parent, as set forth in the petitioner's own original application, and the subsequent unauthorized physical removal of the child by the applicant having in no way affected that fact (*Hayslip* v. *Gillis,* 123 *Ga.* 263, 51 S. E. 325), the court of the minor's residence, in which the original proceeding was instituted, had legal cognizance of its sole jurisdiction of the person of such minor, and an appointment by a court of a foreign jurisdiction of a guardian of the person of a minor residing in this State was void. *Boyd* v. *Glass,* 34 *Ga.* 253 (89 Am. D. 252), and cit. See also *Brandon* v. *Brandon,* 154 *Ga.* 661, 667 (115 S. E. 115). The judgment of the foreign State being absolutely void for lack of jurisdiction of the person of the minor, as shown by the time of its rendition, when taken in connection with the facts set forth by the petitioner in his original application in the Georgia court, the petitioner would be estopped from claiming a benefit

thereunder, even though it were true that such a foreign judgment could not ordinarily be collaterally attacked for want of jurisdiction in the court rendering it. However, the rulings made in the *Shorter* and *Boyd* cases, and in *McCauley* v. *Hargroves,* 48 *Ga.* 50 (15 Am. R. 660), plainly indicate that the constitutional provision and congressional statutes requiring that full faith and credit be given to judicial proceedings of another State do not prohibit an attack on a foreign judgment on the ground that it is void for lack of jurisdiction in the court rendering it. To the same effect are rulings of the Supreme Court of the United States. See Thompson v. Whitman, 18 Wall. 457 (21 L. ed. 897); Haddock v. Haddock, 201 U. S. 562, 573, 26 Sup. Ct. 525, 50 L. ed. 867, 5 Ann. Cas. 1). See also Story's Conflict of Laws, § 609. In *Alabama Great Southern R. Co.* v. *Hill,* 139 *Ga.* 224 (76 S. E. 1001, 43 L. R. A. (N. S.) 236, Ann. Cas. 1914D, 996), relied on by counsel for the plaintiff in error, the court held merely that where the foreign judgment was rendered by a court of competent jurisdiction, it could not be collaterally impeached for fraud.

2. The court did not err in overruling petitioner's motion to dismiss his application, where, in response to the citation which had been issued and published therein, the defendant in error had appeared and asked that she herself be appointed under the proceeding thus instituted. The petition must be taken to have been instituted in the interest of the child, and not in the interest of the person applying, and it is the interest of the child which the court having jurisdiction is charged to protect.

*Judgment affirmed. Stephens and Bell, JJ., concur.*