## 19409. POTTER *v.* POTTER.

JENKINS, P. J.  1. "Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State." Constitution of U. S., article 4, section 1. It is further provided, by section 5824 of the Civil Code (1910), that the records and judicial proceedings of the courts of any State "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State ·from which they are taken."

2. But such a foreign judgment does not preclude the defendant from pleading any special matter in avoidance of the judgment, such as fraud in its rendition, want of notice, etc. Thus, notwithstanding the record of the foreign court shows a return of the sheriff that the defendant was personally served with process, he may show to the contrary, i. e. that he was not served, and that the court rendering the judgment never acquired jurisdiction of his person. *Underwood* v. *Underwood*, 142 *Ga.* 441, 442 (83 S. E. 208, L. R. A. 1915B, 674); *Sharman* v. *Morton*, 31 *Ga.* 34 (3); *Griffin* v. *Harmon*, 35 *Ga.* *App.* 40, 42 (132 S. E. 108); Story's Conflict of Laws, § 609.

3. "No dilatory answer shall be received or admitted unless an affidavit shall be made to the truth thereof, and must be filed at the first term." Civil Code (1910), § 5641. Furthermore, no entirely new and distinct ground for abating an action can be set up at the trial term under the guise of an amendment to a plea in abatement filed at the first term, since a party can not accomplish by indirection what the law prohibits him from doing directly. *Quillian* v. *Johnson*, 122 *Ga.* 49, 54 (49 S. E. 801).

4. This was a suit on a foreign judgment for alimony. The defendant at the first term filed a general denial amounting to a plea of nul tiel record, and also a plea to the jurisdiction. The plea to the jurisdiction having been decided adversely to the defendant, he proceeded at the trial term to amend his plea by setting forth that the foreign· judgment sued on was void for the reason that he had not been served, and had not waived service, in that proceeding. Exceptions pendente lite were taken to the allowance of this amendment. *Held:* The question is, was the amendment to the plea a dilatory plea such as could not be filed after the appearance term? "Dilatory pleas are those which do not answer the general right of the plaintiff either by denial or in confession and avoidance, but assert matter tending to defeat the particular action by resisting the plaintiff's present right of recovery. They are thus steps which, if taken, are preliminary to the substantial defense of the action, and in no way affect the legal right of the plaintiff to recover, save by suspending it, if they prevail, so far as the present action is concerned." *Walden* v. *Walden*, 128 *Ga.* 126, 130 (57 S. E. 323). The present action was a suit on a foreign judgment. It was not an action to recover alimony. The plaintiff's right to recover was dependent upon the existence and validity of the foreign judgment sued on. Neither the original plea of nul tiel record, which amounted, in effect, to a denial of the existence of such judg-

ment, nor the amendment thereto, denying the validity of any such judgment which might have been obtained, was a dilatory plea, but went directly to the merits of the case and to the plaintiff's final right to recover on the cause of action as laid. Consequently, the rule which inhibits the filing of a dilatory plea at the second term, or the amending of such a plea by setting forth new and distinct grounds for abating an action, does not have application; but, just as a plea of non est factum may be filed as an amendment to an original plea after the first term, provided there is enough in the original plea to amend by (*Stanton* v. *Burge*, 34 *Ga.* 425; *Millen Hotel Co.* v. *First National Bank*, 20 *Ga. App.* 701 (3), 93 S. E. 253), so in the instant case the amendment setting up the invalidity of the judgment sued on was properly allowed in support of the original defense pleaded.

5. "All parties, whether plaintiff or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as a matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by. The defendant after the first term can not set up new matter by way of amendment, except as provided in section 5640." Civil Code (1910), § 5681. Thus, under § 5640, where the defendant is present at the trial, the court will not permit a plea setting up new facts to be filed without requiring an affidavit that the original plea did not omit such facts for the purpose of delay, and that the amendment is not now offered for delay (*Bass Co.* v. *Granite City Co.*, 119 *Ga.* 124 (4), 45 S. E. 980), unless it be that no such objection is made to its allowance at the time the amendment is offered; the plaintiff's failure at that time to enter his objection being taken as a waiver in the trial court; and such objection can not be raised for the first time on writ of error. *Edwards* v. *Boyd Co.*, 136 *Ga.* 723 (72 S. E. 34); *Holbert* v. *Allred*, 24 *Ga. App.* 727 (102 S. E. 192). In the instant case no objection to the allowance of the defendant's amendment setting up new matter was interposed upon the ground that the affidavit required by section 5640 of the code was not made, and no such ground appears to have been embodied in the motion to strike the amendment. Accordingly, such objection can not be raised for the first time in this court.

6. The exceptions taken to the charge of the court, upon the ground that it placed upon the plaintiff the burden of establishing the validity of the judgment sued upon, in that the court did not instruct the jury that the judgment was prima facie valid and binding, are without substantial merit, since this was the substance and effect of his charge, for the reason that the one and only issue involved at the trial was whether or not the judgment sued on was valid or invalid, according to whether the defendant had or had not been served in the former proceeding, and there being no other issue or question made as to the validity of the former judgment. The charge of the court presented this issue for the jury's determination, and fully and clearly instructed them that the burden was upon the defendant to show that he had not been served in the former proceeding. The testimony upon the one

issue of fact involved was in sharp conflict, but it authorized the verdict in favor of the defendant.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 7, 1929.

*McCutchen, Bowden & Gaggstatter,* for plaintiff.
*George C. Palmer,* for defendant.