### 25349. FOUTS v. FLYTHE.

DECIDED JULY 9, 1936. REHEARING DENIED JULY 23, 1936.

*Abram Levy,* for plaintiff in error.

*Starkey S. Flythe, B. J. Stevens, Paul T. Chance,* contra.

JENKINS, P. J. ■ "The ordinary of the county of the domicile of a minor having no guardian shall have the power of appointing a guardian of the person and property, or either, of such child. If the ward shall be above the age of fourteen years before a guardian shall be appointed, he shall have the privilege of selecting a guardian, and if such selection shall be judicious, the ordinary shall appoint him." Code, § 49-105. "An ordinary has no jurisdiction to appoint a guardian for an infant whose residence is out of his county." *Rivès* v. *Sneed,* 25 *Ga.* 612 (2). "A guardian whose residence is, or by removal or otherwise becomes, in a county other than that of his appointment, may remove the trust to the jurisdiction of the ordinary of his own county, by first giving bond and good security to such ordinary, as if first appointed by him, and filing a certificate of such fact with the ordinary by whom he was appointed. He shall also obtain from such ordinary an exemplification of all the records concerning his guardianship, and of the order transferring the same to the county of his residence, which exemplification shall be filed with and recorded by the ordinary of said county, who shall then have the same jurisdiction over such guardian as if first appointed by him. Every case growing out of or affecting said trust shall be heard and tried only in the county to which said trust shall have been removed." Code, § 49-239. "If the ordinary shall know, or shall be informed, that any guardian wastes or in any manner mismanages the property, or does not take due care of the maintenance and education of his ward according to his circumstances, or refuses to make returns as required by law, or for any cause is unfit for the trust, the ordinary shall cite such guardian to answer to such charge at some regular term of the court, when, upon investigation of his action, the ordinary may, in

his discretion, revoke his letters, or pass such other order as in his judgment is expedient under the circumstances of each case." § 49-232. Where a ward becomes over the age of fourteen years, with the privilege of selecting his own guardian, before an order revoking the original letters of guardianship should be granted, "a selection of the successor in the guardianship should be made, which selection must be judicious in the judgment of the ordinary, and the person chosen should give his consent to his appointment." *Bryce* v. *Wynn,* 50 *Ga.* 332 (2), 334. Under these statutes and decisions, where, as in this case, a mother is appointed guardian of the property of her child by the ordinary of the county where they then reside, and both the guardian and ward then move to and reside for several years in another county, without any proceedings for the removal of the guardianship to the latter county, as provided by the Code, § 49-239, and the ward becomes over fourteen years of age, the ordinary of the county of the original appointment still retains jurisdiction over proceedings for the removal of the guardian under § 49-232. But such ordinary has no jurisdiction to appoint a new guardian under § 49-105, and the ordinary of the new county of residence of the ward, upon revocation of the letters of the original guardian, has sole jurisdiction of a proceeding for a new appointment, in which opportunity must be given to the ward, over the age of fourteen, to exercise the privilege of a judicious selection. The revocation of the letters of guardianship by the ordinary who granted them should be made "to become effective upon the appointment and qualification of the new guardian by the ordinary of the county of the minor's residence," so that "there should be no hiatus between the terms of the trustees." *Dickerson* v. *Bowen,* 128 *Ga.* 122, 124-126 (57 S. E. 326). Whether or not any part of the language in the syllabus or opinion in that case should be taken as obiter, as contended, the ruling here made as to the jurisdiction of the respective ordinaries is based, not only on the sound conclusions of that decision, but on the clear intent and purpose of the statutes. Nothing to the contrary was decided in *Shorter* v. *Williams,* 74 *Ga.* 539, or *Griffin* v. *Harmon,* 35 *Ga. App.* 40 (132 S. E. 108), in both of which cases an application for the appointment of a guardian had been properly filed in the county of the minor's residence, and pending a determination the minor was removed to another State. In the *Griffin* case

it was held that the applicant could not change the domicile of the minor while his application and the caveat were pending, and in this way divest the court of its jurisdiction, and could not claim any benefit under the foreign judgment as to guardianship.

"If the ward shall be above the age of fourteen years before a guardian shall be appointed, he shall have the privilege of selecting a guardian, and if such selection shall be judicious, the ordinary shall appoint him." Code, § 49-105. Therefore, if this legal right of a ward is adversely affected by an order of an ordinary appointing a new guardian not selected by the ward, the ward has a right of appeal to the superior court. Accordingly, the contention, by supplemental brief, that the instant appeal of the ward by her mother as next friend was invalid, is without merit.

The foregoing rulings being decisive on the instant appeal of the ward to the superior court from an order appointing a new guardian by the ordinary who granted and revoked the original letters, the superior court erred in directing the jury to find against the appellant and in affirming the judgment of the ordinary appointing the new guardian.

*Judgment reversed. Stephens and Sutton, JJ., concur.*