FLORENCE P. DURFEE *vs.* THOMAS DURFEE.

JUNE 11, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an appeal by the petitioner in a divorce case from a supplemental decree which had been entered in the superior court on the motion of the respondent, on September 16, 1937, about twenty months after the entry of the final decree, granting her petition for a divorce. This supplemental decree modified the final decree of divorce by eliminating therefrom the provision for the payment of alimony for the support of the petitioner.

At the time of the entry of the final decree there were living four minor children of the marriage, the custody of whom was awarded to the petitioner. At the time of the hearing of the present matter in the superior court their respective ages were nine, thirteen, fourteen and sixteen years. The former decree provided that the respondent pay to the petitioner, as alimony and for the education, maintenance and support of these children, the sum of $250 per month, until further order of the court, without in any way indicating what part of this sum should be for alimony.

Some time afterwards the petitioner remarried and about two months after that event the respondent filed the motion above mentioned, which was to the effect that the final decree be modified by striking out the provision for alimony; that it be determined what part of the sum of $250 was for alimony; that such part be deducted from that sum; and that the decree be modified so as to provide that only the remainder be paid per month by the respondent to the petitioner for the education, maintenance and support of the minor children.

At the hearing in the superior court upon the motion, it was agreed in behalf of the petitioner that her second husband was able and willing to support her in a proper manner. She was the only witness. Among other testimony, she stated that she had regularly received the sum of $250 per month and that it had all gone into one fund which had been used indiscriminately for the payment of the necessary expenses for herself and her children and for the maintenance of their common home, until her remarriage. She also testified that during that period the amount was not enough to cover all such expenses; and that she had procured further money from her father to help her pay for the extra expenses caused by sicknesses of the children and herself.

It seems apparent from her testimony that since her remarriage all the money that she received from her divorced husband under the divorce decree had been expended by her for the education, maintenance and support of their children and making payments on bills incurred on account of the sicknesses above referred to. She further testified that all the money payable to her under that decree was, at the time when she testified, required for the expenses of the education, maintenance and support of the children. But no motion had been filed by her for any increase in the amounts to be paid to her by her divorced husband for their children. Therefore there was no basis, at the time of the entry of the decree appealed from, for any increase in the payments to be made to her for the children.

The justice of the superior court by whom the matter was heard filed later a rescript in which he found that the petitioner was no longer entitled to receive alimony; that it was fair and reasonable that the amount payable to her as alimony under the final decree should be considered to be one-fifth of the whole monthly sum of $250, i. e., $50, which was the sum which the respondent's attorney at the hearing asked to be considered to be alimony; and that the final decree should be modified accordingly, so that it would not

provide for any payment of alimony but would provide for the payment of $200 per month for the support and maintenance of the minor children. Thereafter, the supplemental decree was entered, which thus modified the previous decree, so that payment of alimony was eliminated and the respondent was ordered to pay to the petitioner the sum of $200 per month for the education, maintenance and support of the children.

The appeal that is now before us is from that decree; and the reasons of appeal specified are that it was erroneous and against the law; that it was against the evidence; that it was against the law and the weight of the evidence; and that it was in violation of the rights of the petitioner.

One contention made by the petitioner, though not strongly insisted on, is that "the acceptance of alimony is an alternative right on the part of the aggrieved wife"; that, if she accepts it, it becomes a vested right, as much as dower would be; and that therefore she cannot be deprived of it by a later decree. But the statute as to dower and alimony in case a wife is granted a divorce from her husband (G. L. 1923, chap. 291, sec. 5) provides that she shall have dower as if her husband were dead, but that if she does not claim it on proceedings begun within six months after the final decree of divorce, it shall be deemed to be waived and released and her only relief shall be a claim for alimony; and that any decree for alimony "may for sufficient cause at any time be altered, amended and annulled by said court, after notice to the parties interested therein."

The petitioner did not claim dower; and clearly the last provision just quoted applies in the instant case. Therefore the superior court had the power, if the cause was sufficient, to enter the decree appealed from, terminating the provision for future payments of alimony. *Ward* v. *Ward*, 48 R. I. 60, 135 A. 241; *Brown* v. *Brown*, 48 R. I. 420, 138 A. 179.

The petitioner does not deny that, if a court has the power to terminate alimony, the remarriage of the wife *may* be a

valid cause for such termination; and the respondent does not contend that the fact of remarriage *necessarily* requires that alimony be terminated by the court having jurisdiction, if the husband takes proper proceedings to have it terminated.

What the respondent contends, and what the justice who entered the decree appealed from found, and what we find to be the well-settled rule, applicable in all ordinary cases, is that the husband should be relieved from continuing to pay alimony after the wife has been remarried to a man who is able and willing to support her in a proper manner. *Stillman* v. *Stillman,* 99 Ill. 196; *Wetmore* v. *Wetmore,* 162 N. Y. 503, 56 N. E. 997; *Southworth* v. *Treadwell,* 168 Mass. 511, 47 N. E. 93; *Cohen* v. *Cohen,* 150 Cal. 99, 88 P. 267; *Dietrick* v. *Dietrick,* 99 N. J. Eq. 711, 134 A. 338; Keezer on Marriage and Divorce, (2d ed.) 580, § 772.

In the instant case, as already stated, it was agreed in behalf of the petitioner that her later husband was able and willing to support her; and there was no evidence which had any tendency to make the above rule inapplicable. We therefore are of the opinion that the respondent was entitled to have the final decree modified so as to eliminate any provision for the further payment of alimony.

We are also of the opinion that both the law and the evidence support the decision of the justice of the superior court to the effect that it was fair and reasonable that one-fifth of the total sum of $250 be considered to be alimony, and to the effect that the former decree should be modified by annulling the provision for alimony and by providing for the payment of $200 per month for the children. The petitioner contends that if the provision for alimony should be eliminated, the whole sum of $250 per month should be paid for the education, maintenance and support of the children, since, she claims, it was shown that the sum is all needed for that purpose. But the matter of increasing the allowance for the children was not and could not properly be gone into at the

hearing in the superior court, in the absence of any application by her to the court for such increase. In our opinion none of the grounds on which the petitioner has appealed from the decree is sustainable.

The appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Max Levy*, for petitioner.

*Malcolm D. Champlin*, for respondent.