## McLENDON *v.* McLENDON.

No. 13581. APRIL 18, 1941.

*H. W. McLarty* and *Paul Crutchfield*, for plaintiff in error.
*Walter A. Sims* and *Ellis McClelland*, contra.

REID, Chief Justice. This is an action for a judgment for past-

due installments under a judgment for alimony, rendered in the State of Maryland. The plaintiff also prayed for an injunction restraining the defendant from alienating his property, and for the appointment of a receiver. The judge sustained demurrers whereby the claim for recovery of installments due more than five years before institution of the present suit was eliminated, as well as the prayers for injunction and receivership. Other demurrers general and special were overruled, and to these adverse rulings the defendant excepted.

In compliance with rule 6-a (Code, § 24-4507) the plaintiff in error states in the bill of exceptions that "This case comes to the Supreme Court, because the suit involves alimony, and for the reason that the plaintiff sought equitable relief in the original bill."

The equitable features of the petition were eliminated by the rulings on demurrer, and the plaintiff acquiesces in those rulings, no cross-bill of exceptions having been filed. A case may begin as an action in equity; but in its progress the equitable features may become eliminated, so that the final judgment would be such that this court has no jurisdiction to review the exception to it. *Bartlett* v. *Walker,* 189 *Ga.* 154 (5 S. E. 2d, 373); *Regal Textile Co.* v. *Feil,* 189 *Ga.* 581, 584 (6 S. E. 2d, 908). The equitable features of the case having been eliminated, it does not fall within the jurisdiction of this court as an "equity case." Code, § 2-3005. Nor do we think that this is an "alimony case" within the meaning of the provision of the constitution fixing the jurisdiction of this court. This court necessarily so ruled by the transfer of the case of *Brown* v. *Brown,* 24 *Ga. App.* 512 (101 S. E. 315), a suit on a foreign judgment for alimony, to the Court of Appeals. See *Housley* v. *Wagner,* 25 *Ga. App.* 474 (103 S. E. 880). In *Potter* v. *Potter,* 40 *Ga. App.* 324 (149 S. E. 579), the Court of Appeals said, in discussing another point: "This was a suit on a foreign judgment for alimony. . . It was not an action to recover alimony." A suit on a foreign judgment for alimony is simply an action on a debt of record (*Little Rock Cooperage Co.* v. *Hodge,* 112 *Ga.* 521, 37 S. E. 743), and is not one based upon a cause of action for an allowance from the husband for the support of the wife as provided for in the Code, § 30-201 et seq. It is only actions of the latter character and proceedings which are but a continuation of such actions, such as attachments for contempt (*Bilbo* v.

*Bilbo,* 167 *Ga.* 602, 603, 146 S. E. 446), that should be designated as alimony cases. See *Hayes* v. *Hayes,* 191 *Ga.* 237 (11 S. E. 764). *Heakes* v. *Heakes,* 157 *Ga.* 863 (122 S. E. 777), was a suit on a foreign judgment for alimony, but no express ruling was made in regard to the jurisdiction of the court; and in so far as it may be taken as an implied ruling thereon, we think that it should yield to the former judgment in *Brown* v. *Brown,* which we believe represents the correct rule. *Tyson* v. *Tyson,* 176 *Ga.* 137 (167 S. E. 172), was by a divided bench, and in so far as it may be in conflict with our ruling it should not be followed. For reasons stated the case is

*Transferred to the Court of Appeals. All the Justices concur.*